BUDGE, J.
 

 —Respondent brought this action against appellant to recover damages alleged to have been caused by appellant to respondent’s property, located adjacent to Spirit Lake.
 

 The complaint sets out five separate causes of action, all of which are identical except as to the year of the accrual thereof. The first cause of action, alleged to have
 
 *3
 
 accrued in 1920, was upon the trial disposed of by reason of the running of the statute - of limitations barring a recovery. As to the remaining causes, judgment was entered upon a verdict rendered in favor of respondent. This appeal is from the judgment and an order overruling a motion for new trial.
 

 Among other things the complaint alleges the incorporation of appellant; that it was engaged in the business of cutting timber into logs and sawing the logs into lumber; that Spirit Lake is a navigable body of fresh water having its outlet at the northerly end of the lake by means of a small stream; that appellant used' the waters of Spirit Lake at the northerly end thereof for the purpose of storing logs, and that in order to successfully store logs, and prior to the year 1919, appellant placed a dam across the stream which was the outlet of the lake; that the dam so constructed is approximately ten feet above the bed of the stream and is constructed in such manner that additional planks can be placed in and on top of the dam so as to prevent the water of the lake from readily flowing therefrom by means of said outlet.
 

 It is further alleged in the complaint that respondent is the owner of land adjacent to Spirit Lake, lying at the extreme southerly end thereof, and that by reason of said dam and the withholding by means thereof of the waters of the lake by appellant, respondent’s land has been overflown with water to a depth of from one to five feet, so that during the months of June, July and August of each and every year approximately five acres of her property are submerged by water from said lake; that the land of respondent immediately adjacent to the lake makes a fine bathing beach, and said beach is one of the principal elements of value of respondent’s property for summer home purposes, and it is desirable for picnickers, tourists and campers, and by reason of the construction of said dam and its operation respondent has been unable to occupy or rent a cottage situated thereon for a summer home or to use or rent her land to picnickers, tourists and campers during the months of June, July and August, or for beach
 
 *4
 
 or bathing purposes during those months; that Spirit Lake is a popular summer resort and the property of respondent is chiefly valuable for that purpose, but by reason of the acts of appellant it has become less valuable; and on account of the foregoing facts respondent has been deprived of all revenue from said land and damaged by the flooding and overflowing of water thereon during the years set out in the various causes of action and the months therein alleged.
 

 Appellant demurred to the complaint and to each cause of action therein alleged, upon the grounds, among others, that the complaint did not state facts sufficient to constitute a cause of action, and that the causes of action were barred by the provisions of G. S., secs. 6611, 6617. The demurrer was overruled. Conceding without deciding that the court should have sustained the demurrer as to the first cause of action, no prejudice resulted to appellant, by reason of the action of the court with reference thereto upon the trial. Otherwise the complaint states facts sufficient to constitute causes of action.
 

 Answering the complaint, appellant denied all of the material allegations, and as an affirmative defense alleged that the dam was completed during the year 1909, and any of respondent’s lands affected by the construction or maintenance of said dam were so affected as much in the year 1909 as they ever have been or will be affected; that the taking in the year 1909 was a permanent and complete taking, and the use of any lands affected by said dam became permanent, fixed and complete on or about December, 31, 1909. Appellant further affirmatively alleged that for thirteen years prior to the commencement of the present action said dam had been maintained at the same height as it is now maintained and as it was maintained during the years 1920 to 1924, inclusive, and that for more than ten years last past the use of the dam has been adverse to respondent, and such use has been continuous and uninterrupted, and by reason thereof the right to back and hold water upon said lands, if by the construction and maintenance of said dam said lands or any part thereof are flooded or covered by water, has by prescription ripened into a
 
 *5
 
 prescriptive title. Appellant further affirmatively alleged that each of the causes of action stated in respondent’s complaint is barred by the provisions of C. S., secs. 6596, 6597, 6600, 6602, 6608, subd. 2, 6611, subd. 2, and 6617.
 

 Appellant relies upon three main contentions: (1) that the injury complained of was a single injury, permanent in its nature, and that but one cause of action could be maintained for such injury; (2) that the construction of the dam and maintenance of the same water level since 1909 and the right acquired at that time to back and hold water upon respondent’s lands, if by the construction and maintenance of said dam said lands or any part thereof are flooded, has by prescription ripened into a prescriptive title; and (3), that any cause of action against appellant is barred by reason of the intervention of the several statutes of limitation set up as a defense in the answer.
 

 This is a ease of periodic flooding, and clearly falls within the line of authorities holding that repeated or periodic floodings each constitute a separate and distinct cause of action.
 
 (Defenbaugh v. Washington W. Power Co.,
 
 24 Ida. 514, 135 Pac. 247;
 
 Boise Dev. Co., Ltd., v. Boise City,
 
 30 Ida. 675, 167 Pac. 1032;
 
 Hill v. Empire State-Idaho Mining & Developing Co.,
 
 158 Fed. 881.) It would therefore follow that a cause of action would accrue as damage was sustained, and that the statute of limitations would begin to run from the date of each periodic flooding.
 

 From the evidence it appears that the construction and maintenance of the dam by appellant had the effect of raising the water level in the lake, and the acts of appellant each year and particularly during the months complained of in placing obstructions in the dam by which the water was not permitted to run off through the outlet, resulted in periodic damage to respondent’s land.
 

 As was said in
 
 Defenbaugh v. Washington W. Power Co., supra: “We
 
 know of no authority which holds that a party can acquire a prescriptive right in the property of another short of the period within which the statute of limitations will run.”
 

 
 *6
 
 Appellant further contends that the verdict did not represent the judgment of the jury. It appears from the record that the jury first agreed upon a verdict of $100 on each of the five causes of action. They were then instructed by the court that full damages could not be recovered by respondent for the year 1920 (by reason of the running of the statute of limitations as to the first cause of action). The jury later returned with a verdict in favor of respondent for $125 on each of the other four causes of action, the total amount of the verdict being the same as previously agreed upon. The evidence in the record as to the manner in which the final verdict was arrived at is conflicting. We are not prepared to say the final verdict was not the result of a careful consideration by the jury of evidence given at the trial sufficient to authorize a finding that respondent was damaged in excess of $100 as to each of the four causes of action. There is nothing to show the verdict was arrived at by chance. We are therefore not disposed to disturb the verdict.
 

 Complaint is also made of the action of the court in giving instruction numbered 6. It might be conceded that this instruction is not artfully drafted, but in the light of all the instructions we cannot say, as contended by appellant, that the jury was left with the unrestricted right to award such damages to respondent as they believed she had suffered, irrespective of the evidence. Throughout the instructions the jury’s attention was called to the fact that the verdict must be based upon the evidence. Furthermore, it might be suggested that specific instructions, or instructions other than those given by the court, were not requested on the point covered by the instruction complained of, and since the instructions as a whole, applied to the evidence, fairly covered the case, we are constrained to hold the instruction was not prejudicial.
 
 (Kelly v. Troy Laundry Co.,
 
 46 Ida. 214, 267 Pac. 222;
 
 Barter v. Stewart Min. Co.,
 
 24 Ida. 540, 135 Pac. 68.)
 

 Other errors are assigned but in our view as to the proper disposition of the case they are not of such importance as
 
 *7
 
 to require discussion. From what has been said it follows that the judgment and order overruling the motion for new trial should be affirmed, and it is so ordered; costs to respondent.
 

 Lee, C. J., Givens and Varian, JJ., and Featherstone, D. J., concur.