STATE HIGHWAY COMMISSION of Wyoming, Appellant (Plaintiff below),

v.

Elmer L. PETERS, Nadine S. Peters and First National Bank of Evanston, Wyoming, Appellees (Defendants below).

No. 3477.

Supreme Court of Wyoming.

July 8, 1966.

John F. Raper, Atty. Gen., of Wyoming, Glenn A. Williams, Asst. Deputy Atty. Gen., and Foster J. Wendt, Sp. Asst. Atty. Gen., for appellant.

Payson W. Spaulding, Evanston, Clifford L. Ashton, Salt Lake Atty., Salt Lake City, Utah, for appellees.

Before PARKER, C. J., and HARNS-BERGER, GRAY and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

This is an eminent domain case involving condemnation by the State Highway Com-

mission of Wyoming of 1.05 acres of land belonging to Elmer L. Peters and Nadine S. Peters. From a jury award of $500 as the value of the land taken and $15,000 in damages to the remainder of owners' property, the Highway Commission has appealed.

A new divided four-lane highway was constructed in front of the Peters property and place of business. The pre-existing highway, U.S. 30, was utilized as a service road for abutting owners. The right of way for this road was increased by approximately 100 feet, causing property of Mr. and Mrs. Peters to be taken. A fence was erected between the new traffic lanes and the service road to prevent traffic from moving from one road to the other.

### Excessiveness of Verdict

■ The principal ground relied on by the state for setting aside the verdict of the jury is that the verdict is *so* excessive as to denote passion, bias and prejudice. Implicit in the statement of this ground of appeal is recognition on the part of the Attorney General's office that we will not ordinarily set a verdict aside merely because we may consider it excessive. Before a duly returned verdict of a jury will be set aside as excessive, it must appear it is "so" excessive as to denote passion, prejudice, bias, or some erroneous basis. Fitzsimonds v. Cogswell, Wyo., 405 P.2d 785, 787; Pan American Petroleum Corporation v. Like, Wyo., 381 P.2d 70, 76.

Attorneys representing the state argue: "The jury would have had to disregard the trial court's instructions numbered 8, 9 and 10 to reach such a shocking figure." After setting forth these instructions in their brief, the attorneys conclude: "Appellant contends the jury completely disregarded the cited instructions."

Of course, it is entirely possible that some of the court's instructions were misunderstood or ignored by the jury. However, we have no way of knowing what

went on in the minds of the individual jurymen, and for us to say they disregarded certain instructions of the court would, under the circumstances of this case, be pure speculation and guesswork.

We shall try to demonstrate why we say what we do. In instruction numbered 9 the court instructed that the Highway Commission has a right to deprive an abutting owner of his right of immediate access to and from the highway which adjoins his property and substitute therefor another means of access to the highway. Then the court said: "However, you are instructed that if it does so you may consider in making your award whether the substituted access is convenient."

Just how will a jury determine what is "convenient" with respect to access? It seems obvious to us the jury will consider the matter of convenience on a relative basis. For example, a new access may be convenient for an owner who previously had no access or a very circuitous access; while it could be thought of as inconvenient for one who previously had direct and unlimited access and now has a more circuitous access.

In State Highway Commission v. Newton, Wyo., 395 P.2d 606, 611–612, where the owner, a rancher, was required to go some 400 feet farther to gain access to the new highway, we said the only evidence presented in that case showed a substantial improvement in access and that there was an absence of sufficient evidence to support a verdict for damages on account of impairment of access. However, we pointed out that ordinarily the cases relating to an abutting landowner's right of direct access pertain to a factual situation

The circumstances in the case now before us are different, and we cannot say there is an absence of evidence relative to impairment of access; neither can we say the new or substituted access is convenient and reasonable as a matter of law.

The Peters property is a business property depending upon trade from the public. Prior to changes in the highway, U.S. 30 was not an access controlled highway, and appellees' business was readily accessible to the traveling public, from both directions. Now there is access to the new highway only by traveling some 4,000 feet or approximately three-forths of a mile to the west, where access is obtained on a circuitous interchange access. There is no way for traffic to go directly toward the east from appellees' property, as it previously could.

■ The Attorney General's office has included in its brief a plat showing the nature of defendants' access before the change and another plat showing what the access situation is after such change. We

NOT TO SCALE

BEFORE

Figure 1

NOT TO SCALE

AFTER

Figure 2

think these plats are sufficient to demonstrate that the jury could very well consider the substituted access inconvenient to and from the Peters place of business, in comparison with the access which existed before.

In such event, the jury was under instructions from the court, in Instruction 9, that it may consider such inconvenience in making its award. The evidence and circumstances in this case are clearly different from the Newton case, and we conclude the question as to whether the substituted access for the Peters property is reasonable and convenient was for the jury.

Counsel for both sides seem to agree that if the new highway and frontage road had moved entirely in the direction away from the Peters property, so that none of the Peters property had been taken, then Mr. and Mrs. Peters would have had no claim for damages at all. We need not decide whether that assumption is correct. It remains a fact that some of the Peters property was actually taken. This makes clearly applicable art. 1, § 33 of the Constitution of Wyoming, which provides that private property shall not be "taken or damaged" for public use without just compensation.

■ The legislature has a right to provide, as it did in § 24–77, W.S.1957, that in lieu of provisions to afford residents access to access facilities within 500 feet of their homes or places of business, proper highway authorities may build service roads so as to afford a "convenient" route to the nearest city or town. However, the legislature cannot infringe upon or take from property owners the right to be compensated, according to the requirement of art. 1, § 33.

■ No reason is shown for believing individual members of the jury in this case were not honest, conscientious, fair and unbiased—except for the claim that they arrived at an excessive verdict. In that connection, the record reveals the original appraisers appointed by the court, after being instructed on a form approved by counsel for the state, appraised the property taken at $300 and the damage to the remaining property at $33,000. This adds to our difficulty in accepting the state's proposition that the award of the jury for $500 in value and $15,000 in damages is "so" excessive as to denote passion, bias and prejudice.

Insofar as appellant's argument relative to an excessive verdict is concerned, appellant makes no claim of erroneous trial procedures on the part of the trial court, and the verdict is within the evidence presented with respect to value and damages. As far as we can tell, the entire trial proceeded on the state's theory as to how values and damages are to be arrived at.

### The Matter of Compensability

Apparently counsel for the state and counsel for the owners would like us to discuss and decide whether damage resulting from being placed on a frontage road, with loss of direct access to a main highway, is a compensable item in eminent domain.

The Highway Commission would like us to embrace and adopt for this state the rule of State ex rel. State Highway Commission v. Danfelser, 72 N.M. 361, 384 P.2d 241, 246, cert den 375 U.S. 969, 84 S.Ct. 487, 11 L.Ed.2d 416, to the effect that an abutting property owner's right of access is only to the system of public highways, but not necessarily directly to the main traveled portion thereof; and that an abutter having access to a frontage road which provides "reasonable" access to the main traveled highway is afforded access to the public road system, and any circuity of travel, once that access is given, is noncompensable. See also State ex rel. State Highway Commission v. Mauney, 76 N.M. 36, 411 P.2d 1009.

Counsel for the property owners, on the other hand, argue access to a highway is a property right which cannot be taken away without compensation. They would like for us to embrace and adopt the rule of People v. Ricciardi, 23 Cal.2d 390, 144 P.2d

799, 804, to the effect that property owners possess the right to *direct* access to the through highway; and that while damages are not predicated upon diversion of traffic from the highway, it is proper to allow damages to be based on diversion of the highway from direct access to property of the owners.

If the state, in the instant case, had requested the trial court to instruct the jury on damages according to the Danfelser case, and if the court had declined to do so, it is conceivable that we would then have been called upon to decide whether the New Mexico rule is or is not correct. Or, if the court, over objections of the state, had instructed according to the Ricciardi case, we might have been called upon to say whether the California rule is or is not correct.

We do not ordinarily consider it wise to pass upon matters not presented to or decided by the trial court. See 5 Am. Jur.2d, Appeal and Error § 545, p. 29; and Buckman v. United Mine Workers of America, 80 Wyo. 199, 200, 339 P.2d 398, 402, reh den 342 P.2d 236. As we have already indicated, in the case before us no error is claimed relative to the trial court's handling of the question of damages, and nothing is therefore presented for our decision on that subject.

Indeed, appellant has no reason to complain or ask for relief in this case, because the court instructed the jury that the abutting landowner has a right of access to the public roads system; but that it does not necessarily follow that he has a right of direct access to the main-traveled portions thereof. The court then said, as appellant now argues:

"* * * Circuity of travel, as long as it is not unreasonable and so long as it is reasonably convenient, and any supposed loss in land value by reason of diversion of express traffic, are non-compensable."

As we have already pointed out, we cannot assume the jury disregarded this instruction, especially since there was evidence before the jury from which it could believe the substituted access in this instance was not "reasonably convenient." We cannot say the jury was biased or prejudiced, or that it disregarded the instructions of the court.

### Conduct of Counsel

Counsel for the Commission suggest the jury must have been unduly impressed with counsel for appellees' repeated reference to business loss when such is not a compensable item in eminent domain. We can understand from the record that this suggestion may be true, but for us to assume it is in fact true would again be indulging in speculation as to what went on in the minds of the individual jurymen.

We deplore the conduct of trial attorneys who knowingly make improper inferences to a jury for the purpose of influencing its decision in an erroneous manner. There are times, we are sure, when a trial judge could be more strict in disciplinary action against such conduct. However, attorneys who are confronted with conduct on the part of opposing counsel, which is considered improper and prejudicial, cannot escape responsibility for making objections and calling upon the trial judge to correct erroneous impressions as they are made.

We have repeatedly said it is incumbent upon counsel to object to the conduct of opposing counsel and to give the trial court an opportunity to instruct the jury to disregard the same or otherwise correct the record, before alleged prejudicial error arising therefrom can be considered on appeal. Webber v. Farmer, Wyo., 410 P.2d 807, 809; Edwards v. Harris, Wyo., 397 P.2d 87, 95.

### Additional Assignments

In addition to the matters we have discussed, the state also claims the trial court erred in denying a motion by appellant to withdraw a stipulation that crossing a double yellow line is a misdemeanor; and in refusing appellant's requested Instruction

A. The requested instruction referred to was this:

"The jury is instructed that the parties have stipulated that there are double yellow lines, as traffic regulations, immediately in front of the exit of the present access to the landowners property; that crossing of same is a misdemeanor.

"However, you are instructed that traffic regulations such as no left turns are not to be considered as an interference with the abbutting property owner's right of access."

The Attorney General's office says it discovered, after the state's evidence had been presented to the jury, that the crossing of a double yellow line is not a misdemeanor; that erroneous stipulations as to the law are not binding on a court; and the state should have been permitted to withdraw the stipulation.

The parties on both sides agree that double yellow lines have no bearing in this case except that Peters' temporary access, during the period of construction only, was on the slope of a hill where highway officials had placed double yellow lines.

The Commission argues, and its attorneys cite extensive authority for the proposition, that since the double lines were temporary in nature and since they were placed on the highway for safety purposes under the police powers of the state, compensation could not be allowed for inconvenience during the course of construction. It is also pointed out that all questions of double yellow lines are directed to areas off the land of appellees and deal with traffic control and safety.

█ We accept appellant's proposition that inconvenience resulting from construction work which is temporary and reasonable in its character and which is intended for public safety and convenience is an inconvenience which property owners share with the general public; and compensation for such inconvenience is not allowable as long as the obstructions are temporary and reasonable. See Hadfield v. State ex rel. Burns, 86 Idaho 561, 388 P.2d 1018, 1021; and Rymkevitch v. State, 42 Misc.2d 1021, 249 N.Y.S.2d 514, 519.

█ But we have no reason to believe allowance was made for inconvenience to Mr. and Mrs. Peters on account of double yellow lines. Counsel has not pointed out anything in the record which would so indicate, and it is not claimed that any witness, who testified as to damages, included any such item. We cannot believe the verdict of the jury was substantially increased on account of the stipulation which plaintiff-appellant sought to withdraw.

Since we accept appellant's proposition concerning the double yellow lines during the period of construction, we are forced to conclude that there would have been no justification for the court to dignify this aspect of the case by giving such an instruction. In any event, the Highway Commission has not shown that it was prejudiced by the refusal of the requested instruction.

We think the Highway Commission has not shown that it was prejudiced by a denial of the motion to withdraw its stipulation, nor by a refusal of the requested instruction.

We conclude in general that reversible error has not been shown and the judgment of the district court should stand.

Affirmed.