903 P.2d 71

**Gerald BARANICK, Plaintiff–Appellant,**

v.

**NORTH FORK RESERVOIR COMPANY, an Idaho Corporation, Defendant–Respondent.**

No. 21362.

Supreme Court of Idaho,
Idaho Falls, May 1995 Term.

Aug. 22, 1995.

Rehearing Denied Oct. 17, 1995.

Hopkins, Roden, Crockett, Hansen & Hoopes, Idaho Falls, for appellant. Paul B. Rippel argued.

Racine, Olson, Nye, Cooper & Budge, Pocatello, for respondent. William D. Olson argued.

JOHNSON, Justice.

This case concerns the flooding of real property (the property) by a reservoir operator (the operator). We reach the following conclusions: (1) the operator did not acquire a prescriptive easement to flood the property because the flooding was periodic rather than continuous; (2) the trial court improperly dismissed the claim for an injunction to prevent future flooding; and (3) the owner of the property (the owner) must show negligence in order to recover damages for past flooding by a reservoir operator.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

The owner, Gerald Baranick, has owned the property, which is located on the north shore of Henry's Lake in Fremont County, Idaho, since 1984. The operator, North Fork Reservoir Company, operates the Henry's Lake Dam (the dam). Since before the owner purchased the property, the operator has operated the dam in a manner that floods a portion of the property for part of each year. The owner testified that the water level of Henry's Lake rises in the spring and fall, flooding the beach area of the property, and recedes in the summer.

In 1991 the Idaho Legislature enacted I.C. § 5–246 which provides that a dam operator who has been flooding real property for at least a portion of each year for five consecutive years acquires a prescriptive overflow easement. Property owners may avoid the effect of this statute by filing actions within one year of the statute's effective date. I.C. § 5–246 (1994). The owner brought this ac-

tion within this one-year window and thus prevented the operator from acquiring an easement pursuant to I.C. § 5–246. The owner sought a declaration that the operator had not acquired a right to flood the property. The owner also sought damages for past flooding and injunctive relief against future flooding. Sitting without a jury, the trial court ruled that the owner was not entitled to injunctive relief from future flooding or damages for past flooding, and that the operator had acquired a prescriptive easement to flood the property. The trial court also made the following uncontested findings: (1) the boundary between the property and the operator's property is the 15 foot contour line of Henry's Lake; and (2) a strip of the property, measuring 100 feet by 31.5 feet on the eastern end and 44.5 feet on the western end, is flooded for a portion of each year. The trial court determined that the operator has an easement to flood this strip of the property. The owner appealed.

## II.

## THE OPERATOR DID NOT ACQUIRE A PRESCRIPTIVE EASEMENT TO FLOOD THE PROPERTY.

The owner asserts that the operator did not acquire a prescriptive easement to flood his land. We agree.

Neither party has challenged the factual basis upon which the trial court predicated its decision that the operator had acquired a prescriptive easement to flood the property. The trial court accepted the owner's testimony that the flooding occurred in the spring, would come down in the summertime, and would possibly come back up in the fall. From these facts, the trial court concluded that the flooding was continuous and uninterrupted and established the operator's prescriptive right to flood the property. We freely review this legal conclusion derived from the facts the trial court accepted.

In *Deffenbaugh v. Washington W. Power Co.*, 24 Idaho 514, 135 P. 247 (1913), and *Lavin v. Panhandle Lumber Co.*, 51 Idaho 1, 1 P.2d 186 (1931), the Court held that a dam operator who causes periodic flooding to the property of a riparian land-owner does not acquire a prescriptive right to flood that property in the future. In both cases the Court denied the dam operator's easement claim by holding that flooding for only a portion of each year did not commence the running of the prescriptive period. *Deffenbaugh*, 24 Idaho at 520, 135 P. at 249–50; *see Lavin*, 51 Idaho at 5, 1 P.2d at 190.

In the present case, the operator failed to demonstrate that it flooded the property in a continuous manner necessary to acquire the right to flood Baranick's land in the future.

## III.

## THE TRIAL COURT IMPROPERLY DISMISSED THE OWNER'S CLAIM FOR INJUNCTIVE RELIEF.

The owner asserts that the trial court should not have dismissed his claim for injunctive relief. We agree.

The trial court's dismissal of the owner's claim for injunctive relief was based on the mistaken legal premise that the operator had an easement to flood the property. Therefore, we vacate the trial court's dismissal of this claim. On remand, the trial court should reconsider the claim for an injunction in light of the fact that the operator does not have an easement to flood the property.

## IV.

## THE OWNER IS LIMITED TO A NEGLIGENCE CAUSE OF ACTION IN HIS CLAIM FOR DAMAGES AGAINST THE OPERATOR.

The owner asserts that it was improper for the trial court to dismiss his damage claim because he failed to show that the operator acted negligently. We disagree.

In *Kunz v. Utah Power & Light Co.*, 117 Idaho 901, 792 P.2d 926 (1990), the Court held that riparian landowners damaged by the release of water by a reservoir operator may recover only on a negligence cause of action. *Id.* at 904, 792 P.2d at 929. The owner contends that *Kunz* should be distinguished because *Kunz* dealt only with downstream riparian landowners, while the owner is an upstream owner.

We find Baranick's basis for distinguishing *Kunz* unpersuasive. Because of their importance to Idaho's agricultural economy, operators of irrigation ditches and canals have long been held liable only for their actions that are negligent. *Id.* at 904, 906, 792 P.2d at 929, 931; *see e.g., Stephenson v. Pioneer Irrigation Dist.,* 49 Idaho 189, 194, 288 P. 421, 422 (1930); *Burt v. Farmers' Co-operative Irrigation Co.,* 30 Idaho 752, 767, 168 P. 1078, 1082 (1917). In *Kunz* the Court extended this principle to reservoir and dam operators because they, like the operators of irrigation canals, are an integral part of the artificial water storage and delivery systems essential to Idaho's economic well-being. *Kunz,* 117 Idaho at 904, 792 P.2d at 929. These policy reasons for limiting the liability of reservoir operators are implicated just as strongly with regard to upstream riparian landowners as they were with regard to the downstream owners in *Kunz.* Therefore, there is no sound basis in policy or principle upon which to distinguish *Kunz* from the instant case. Because the owner did not show that the flooding of his property was caused by the operator's negligence, the trial court properly dismissed the claim for damages for past flooding.

## V.

### CONCLUSION.

We affirm the trial court's dismissal of the claim for damages for past flooding. We vacate the trial court's dismissal of the claim for injunctive relief and remand the case to the trial court for further consideration. We reverse the trial court's grant of a prescriptive easement.

In light of the mixed result, we award no costs or attorney fees on appeal.

McDEVITT, C.J., and TROUT, SILAK and SCHROEDER, JJ., concur.