915 P.2d 1

R. Keith Higginson, Director, Idaho Department of Water Resources, Plaintiff–Counterdefendant,

v.

Jay O. WADSWORTH, an individual, Defendant–Counterclaimant–Third Party Plaintiff–Appellant,

v.

The State of Idaho, ex rel, the Department of Water Resources; R. Keith Higginson, in his individual capacity, as a Director of the Department of Water Resources, Counterdefendants,

and

Ron Carlson, as an individual, and in his capacity of Watermaster of District No. 1, a subdivision of The State of Idaho; Charles Mullins, an individual, and in his capacity as Stream Channel Protection Specialist for the Department of Water Resources of the State of Idaho, Third Party Defendants,

and

unknown named members of the Board of the Department of Highways, now the DEPARTMENT OF TRANSPORTATION of the State of Idaho, Third Party Defendants–Respondents.

No. 21518.

Supreme Court of Idaho, Idaho Falls.

March 20, 1996.

Rehearing Denied May 13, 1996.

**440**

James Annest, Burley, for appellant.

Alan G. Lance, Attorney General; George M. Parham, Patrick Fanning, Steven M. Parry, Deputy Attorneys General; Robert L. Trabert, Chief Legal Counsel; Boise, for respondents. George M. Parham, argued.

SCHROEDER, Justice.

This is an appeal from a district court decision granting summary judgment to the respondent, the Department of Transportation of the State of Idaho, and denying relief to the appellant, Jay O. Wadsworth. Wadsworth pled a claim for inverse condemnation, asserting a taking of his property without the commencement of condemnation proceedings. The district court held that Wadsworth's cause of action is barred by section 5–224 of the Idaho Code, which provides that an action must be commenced within four (4) years after the cause of action accrues. Wadsworth appeals the district court's application of the statute of limitations.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS.

Jay O. Wadsworth (Wadsworth) owns an island located in the Snake River in Bingham County. On October 23, 1989, the State of Idaho Department of Water Resources (IDWR) commenced this action, seeking, among other matters, to enjoin Wadsworth from constructing and maintaining jetties (piers or other structures built out into a body of water to influence the current or tide) on the bank of the island in violation of the Idaho Stream Protection Act.

On June 20, 1990, Wadsworth cross-claimed against the Idaho Department of Transportation (Department), alleging a claim for inverse condemnation based on gravel excavation conducted by the Department in 1962 upstream from Wadsworth's island. The excavation was for the purpose of constructing Highway 15 near Blackfoot, Idaho, and the Department has not utilized this gravel source along the Snake River since 1962.

On December 13, 1976, and again on November 2, 1983, Wadsworth filed tort claims against the State of Idaho, alleging that the

Department made changes in the water course of the Snake River that caused erosion to the island. Both claims were denied by the State's failure to act on them within 90 days as provided in section 6–909 of the Idaho Code. Wadsworth did not file suit until 1990.

The Third Party Complaint against the Department alleged that actions taken by the Department have resulted in a taking of a portion of Wadsworth's island and continuing, gradual erosion of his remaining property due to an alteration of the stream channel. The Department moved for summary judgment on the basis that the claim is barred by the statute of limitations. The record establishes that the excavation conducted by the Department altered the channel of the Snake River and changed the velocity of the river which has washed gravel from the area of the excavation and caused continued erosion from the island.

The district court granted summary judgment to the Department, finding that there was no genuine issue of material fact and that the Department was entitled to judgment as a matter of law. The district court concluded that the four-year statute of limitations in I.C. § 5–224 is applicable to inverse condemnation actions, relying on *Intermountain West., Inc. v. Boise City,* 111 Idaho 878, 728 P.2d 767 (1986). The district court's determination of the facts is not disputed by Wadsworth. He does contend that his awareness of the extent of damage to the property is a factual issue in dispute which should have prevented summary judgment, and he disputes the application of I.C. § 5–224 to his cause of action.

## II.

### THE STANDARD OF REVIEW FOR THE DISTRICT COURT'S GRANT OF SUMMARY JUDGMENT.

■ In summary judgment proceedings the facts are to be liberally construed in favor of the party opposing the motion, who is also to be given the benefit of all favorable inferences which might be reasonably drawn from the evidence. *Doe v. Durtschi,* 110 Idaho 466, 469, 716 P.2d 1238, 1241 (1986).

Summary judgment shall be granted if the court determines that "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c).

■ If the record supports conflicting inferences, or if reasonable minds might reach different conclusions, summary judgment must be denied. *Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994). In reviewing a lower court's decision on summary judgment, the standard of review is whether there are any genuine issues of material fact and, if not, whether the prevailing party was entitled to judgment as a matter of law. *Western Indus. & Envtl. Serv., Inc. v. Kaldveer Assoc., Inc.,* 126 Idaho 541, 543, 887 P.2d 1048, 1050 (1994).

## III.

### IDAHO CODE SECTION 5–224 IS APPLICABLE IN AN ACTION FOR INVERSE CONDEMNATION.

■ The Idaho Constitution states that private property may be taken by the government for a public use, "but not until a just compensation" has been paid for the property. Idaho Const. art. 1, § 14. Wadsworth makes a claim for inverse condemnation. Inverse condemnation is a taking of private property for a public use without the commencement of condemnation proceedings.

■ Wadsworth argues that the constitutional protection of a person from the taking of property by government without just compensation precludes the Legislature from barring such claims by a statute of limitations. However, generally statutes of limitation apply to inverse condemnation claims even though they involve an issue of constitutional magnitude. In 1986 this Court stated that an "appellant's claim in inverse condemnation is barred by the statute of limitations." *Intermountain West.,* 111 Idaho at 880, 728 P.2d at 769. The Court relied on I.C. § 5–224 for the proposition that, "Intermountain was required to file its action with-

in four years." *Id.* Since the cause of action accrued six years prior to the filing date, the cause of action was dismissed due to the expiration of the four year statute of limitations period. *Id.* Recently, this Court has reaffirmed the rule from *Intermountain West,* in stating that, "[T]he limitations period for inverse condemnation claims is contained in I.C. § 5–224 which is the statute of limitations for all actions not specifically provided for in another statute." *McCuskey v. Canyon County Comm'rs,* 128 Idaho 213, 912 P.2d 100 (1996).

Wadsworth contends that no statute of limitations can bar a constitutional right. However, that contention is not supported by the United States Supreme Court. In *United States v. Dickinson,* 331 U.S. 745, 67 S.Ct. 1382, 91 L.Ed. 1789 (1947), the Supreme Court addressed the question of whether a six-year statute of limitations barred a claim for flooding and erosion that resulted when the government constructed a dam which was designed to impound water to raise the river pool level in that area by successive stages. The Court held that the landowner was not required to resort to piecemeal litigation, and, therefore, the claim was not barred. However, the Supreme Court indicated that there was a six-year statute of limitations applicable to the landowner's claim, although the statutory period had not run.

Wadsworth relies on *Ackerman v. Port of Seattle,* 55 Wash.2d 400, 348 P.2d 664 (1960), in which the court held that because taking of property claims are of constitutional magnitude, these claims cannot be cut off by the passage of time except for the government acquiring title by adverse possession. Although the *Ackerman* court did not apply a statute of limitations to the inverse condemnation claim, the court did limit the filing of inverse condemnation actions to the period of time required to acquire property by prescription. The Supreme Court of Washington later declared that the rule from *Ackerman,* 348 P.2d 664, is "not quite precise since the acquisition by prescription is the result of the running of the statute of limitations." *Highline School Dist. No. 401, King County v. Port of Seattle,* 87 Wash.2d 6, 548 P.2d

1085, 1088 (1976). Other courts have also limited inverse condemnation claims to prescriptive periods. *Rummage v. State ex rel. Department of Transp.,* 849 P.2d 1109 (Okla. App.1993); *Aylmore v. City of Seattle,* 100 Wash. 515, 171 P. 659, 661 (1918). Thus, even though a statute of limitations was not applied, the courts applied a comparable period limiting the claims. *Intermountain West* indicates that Idaho has elected to apply a statute of limitations instead of the period for adverse possession. 111 Idaho 878, 728 P.2d 767.

 Public policy favors the conclusion that inverse condemnation claims be subject to some period of limitations. "The policy behind statutes of limitations is protection of defendants against stale claims, and protection of the courts against needless expenditures of resources." *Johnson v. Pischke,* 108 Idaho 397, 402, 700 P.2d 19, 25 (1985). Statutes of limitation are designed to promote stability and avoid uncertainty with regards to future litigation.

## IV.

## THE CAUSE OF ACTION ACCRUED MORE THAN FOUR YEARS PRIOR TO THE FILING OF THE CLAIM.

 This Court has stated that a cause of action in an inverse condemnation case "accrues after the full extent of the Plaintiff's loss of use and enjoyment of [the premises] becomes apparent." *Tibbs v. City of Sandpoint,* 100 Idaho 667, 671, 603 P.2d 1001, 1005 (1979). "The actual date of taking, although not readily susceptible to exact determination, is to be fixed at the point in time at which the impairment, of such a degree and kind as to constitute a substantial interference with plaintiff's property interest, *becomes apparent.*" 100 Idaho at 671, 603 P.2d at 1005 (emphasis added).

In *Rueth v. State,* 103 Idaho 74, 644 P.2d 1333 (1982), this Court followed the same standard for determining the time of taking in inverse condemnation actions as was set forth in *Tibbs.* At issue in *Rueth* was the actual date of a taking caused by a gradual rising groundwater table. This Court held that a meeting between the parties was a

"recognition of the severity of the problem," and fixed that date as the date of the actual taking. *Id.* at 79, 644 P.2d at 1338.

In *Lavin v. Panhandle Lumber Co.*, 51 Idaho 1, 5, 1 P.2d 186, 187 (1931), the Court held that when property has been flooded periodically by actions of the defendant a new cause of action occurs upon the date of each periodic flooding, finding that acts of appellant each year would constitute a separate and distinct cause of action for the landowners. Unlike the case at hand, in *Lavin* there was continuing conduct in the operation of the dam which caused the flooding. In this case, the Department of Transportation excavated in 1962 and has taken no action in the area of excavation since that time.

In *Johnson v. Twin Falls Canal Co.*, 66 Idaho 660, 167 P.2d 834 (1946), property owners were seeking to enjoin the operation of the Milner Dam in the Snake River, based on erosion of their land. The appellants asserted that the claim was barred by the statute of limitations. This Court stated:

> [t]his is a case of periodic washing away, eroding and permanently destroying respondents' land, and falls within the numerous authorities holding that progressive, annual or intermittent destruction of land, in the manner just stated, constitutes an independent cause of action, *the damage not being caused by the erection of the dam and lake, but damage that flows indirectly and consequentially through said construction due to intervening agencies.*

66 Idaho at 676, 167 P.2d at 841 (emphasis added). Again it is clear in *Johnson* that subsequent action was taken which caused additional erosion.

█ Although both *Lavin* and *Johnson* permit recovery based on gradual, periodic erosion which occurred after the statute of limitations had expired for the original construction, both cases permit recovery based on additional activity on the part of the dam operators, including dam operation and maintenance. Some additional activity which causes interference with the property by a condemnor will activate a new statute of limitations period. However, in this case the Department has not taken any actions be-yond the original gravel excavation. There was a single event, and that event triggered the running of the limitation period in I.C. § 5–224 when the impairment was of such a degree and kind that substantial interference with Wadsworth's property interest became apparent. *Tibbs v. City of Sandpoint*, 100 Idaho at 671, 603 P.2d at 1005; *Rueth v. State*, 103 Idaho at 79, 644 P.2d at 1338.

Wadsworth was aware of some effect the excavation had on his property at least as early as 1976 when he filed the first tort claim. Certainly, the substantial interference was apparent when he submitted the second tort claim in 1983, indicating he was aware of the erosive effect the excavation had, listing the following damages:

A. The loss of deeded ground.

B. The loss of access to deeded ground.

C. Damage to deeded ground.

D. Rock rip rap to prevent further damage.

The record establishes that Wadsworth was aware of a substantial interference with his property interest by 1983. As the district court determined, the limitation's period set forth in I.C. § 5–224 had run before he filed his claim for inverse condemnation in 1990.

## V.

## CONCLUSION

The decision of the district court granting summary judgment in favor of the Department on Wadsworth's claim of inverse condemnation is affirmed. The Department is awarded costs. No attorney fees are allowed.

McDEVITT, C.J., and JOHNSON, TROUT and SILAK, JJ., concur.