2004 WY 143

**Stevia L. LANKFORD and Marcus C. Schuenke, Appellants (Plaintiffs),**

v.

**CITY OF LARAMIE, a Municipal Corporation; and Doe Defendants 1 to 20, Appellees (Defendants).**

No. 03–205.

Supreme Court of Wyoming.

Nov. 19, 2004.

Representing Appellants: Robert T. Moxley of Gage & Moxley, P.C., Cheyenne, Wyoming; and John E. Stanfield of Stanfield Law Office, Laramie, Wyoming.

Representing Appellees: M. Gregory Weisz and Megan Overmann of Pence and MacMillan LLC, Laramie, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1] This is an appeal from an order granting summary judgment to the City of Laramie (the City) in a governmental claims case. We affirm.

## ISSUES

[¶ 2] The appellants present the issues as follows:

I. Is legislation unconstitutional which prevents recovery against a governmental entity for property damage, by imposing a $500.00 damage cap, by narrowing the standard of liability, by vesting a "designated" official with "discretion" to pay or—based on the availability of funds—deny payment, and by abolishing judicial review?

II. Can the plaintiff's complaint—a "notice pleading" prior to discovery—be sustained in setting forth a "taking or damaging" cause of action, or a claim sounding in inverse condemnation?

III. Where an amended or supplemental "governmental claim" is presented within the two-year statutory period for "presentation" of same after a cause of action accrues, may an action be commenced within one year of such claim?

The City restates the issues as follows:

I. Summary judgment on statute of limitations grounds was appropriate when appellants failed to meet the statute of limitations in the Wyoming Governmental Claims Act, appellants admitted they missed the statute of limitations, and appellants did not respond to the summary judgment motion in the district court.

II. The claims procedure and statute of limitations provisions of the Wyoming Governmental Claims Act are constitutional

and are rationally related to a legitimate governmental objective.

III. The Wyoming Governmental Claims Act is presumptively constitutional and appellants' facial challenge to other portions of the Act must be rejected for lack of justiciability and appellants' failure to precisely and analytically argue the matter.

## FACTS

[¶ 3] Stevia L. Lankford and Marcus C. Schuenke (the appellants) owned a home in Laramie. On March 4, 2001, they returned home to find raw sewage in their basement. Subsequent investigation led them to believe that their sewer line had been damaged by the City during the repair of a water main in the street in front of their home.

[¶ 4] On April 2, 2001, the appellants sent a letter to the City setting forth a claim for their as-yet undetermined repair costs. In a letter dated June 6, 2001, the City's Utility Maintenance Supervisor responded as follows:

> In regard to the repair of your broken sewer service, please send all unpaid invoices and any costs you have paid to the City of Laramie Utilities Division for payment and/or re-imbursement. Because it appears that the service was broken due to a water main line repair that was completed by city crews, we feel it is our responsibility to restore the service.

[¶ 5] The matter was not quickly resolved, however, and on July 13, 2001, the appellants presented a formal claim to the City. After detailing the damages and repair work being done, and expressing a claim of $150,000.00 to $250,000.00, the appellants offered to settle for $50,000.00 plus the costs of foundation repair. The City denied the claim in a letter from its attorney on September 28, 2001. The City took the position that its earlier offer to pay for the damages was

based on an inadequate investigation, and that subsequent investigation showed that the sewer line damage had been caused by the initial service main break and not by the City's responsive repair work. Further, the City contended that the appellants' damages, if any, were greatly overstated and were caused by the appellants' own failure to mitigate.

[¶ 6] On February 28, 2003, the appellants filed a complaint in the district court. Although somewhat unclear, it appears that the complaint states as causes of action negligence, intentional infliction of severe emotional distress, and violation of constitutional rights. An amended complaint filed on March 11, 2003, somewhat more clearly contains allegations of negligence, willful and wanton misconduct, intentional infliction of severe emotional distress, violation of 42 U.S.C. § 1983, violation of Wyo. Const. art. 1, § 33 (taking or damaging private property for public use without just compensation/inverse condemnation), and violation of the appellants' rights to due process and equal protection. In addition, the amended complaint seeks declaratory relief and challenges the constitutionality of the Wyoming Governmental Claims Act (the WGCA), Wyo. Stat. Ann. § 1–39–101 *et seq.* (LexisNexis 2003). On the same date that they filed their original complaint, the appellants also filed in the district court a second notice of claim. Two copies of this notice of claim appear in the record, neither of which shows signature by the appellants or their attorney.

[¶ 7] The City answered the amended complaint and on April 9, 2003, filed a Motion for Summary Judgment on State Law Damage Claims.[1] The City's central argument in support of its motion was that nearly twenty months passed between presentment of the first notice of claim on July 13, 2001, and filing of the complaint on February 28, 2003, in violation of Wyo. Stat. Ann. § 1–39–114.[2]

---

1. The appellants' 42 U.S.C. § 1983 claims are not before the Court.

2.
> Except as otherwise provided, actions against a governmental entity or a public employee acting within the scope of his duties for

> torts occurring after June 30, 1979 which are subject to this act shall be forever barred unless commenced within one (1) year after the date the claim is filed pursuant to W.S. 1–39–113.... In no case shall the statute of limitations provided in this section be longer than any other applicable statute of limitations. In

After hearing, the district court issued its Order Granting Defendant's Motion for Summary Judgment & Order on Declaratory Judgment.

## STANDARD OF REVIEW

■ [¶ 8] Our standard for review of summary judgments has been stated many times and need not be reiterated here. *See, for example, Nuhome Investments, LLC v. Weller*, 2003 WY 171, ¶ 7, 81 P.3d 940, 944 (Wyo.2003) and *Ahrenholtz v. Laramie Economic Development Corp.*, 2003 WY 149, ¶ 16, 79 P.3d 511, 515 (Wyo.2003). We will particularly note, however, the following portion of that standard:

"The moving party bears the initial burden of establishing a prima facie case for summary judgment. Thereafter, the party opposing summary judgment becomes obliged to marshal specific facts, as contrasted with general or conclusory allegations, which establish a genuine issue of material fact."

*Coates v. Anderson*, 2004 WY 11, ¶ 5, 84 P.3d 953, 956 (Wyo.2004) (*quoting Mize v. North Big Horn Hosp. Dist.*, 931 P.2d 229, 232 (Wyo.1997)). Our usual standard of review of summary judgments applies in the context of a declaratory judgment action. *Hirschfield v. Board of County Com'rs of County of Teton*, 944 P.2d 1139, 1141–42 (Wyo.1997).

■ [¶ 9] Statutes carry a strong presumption of constitutionality and challengers bear a heavy burden in overcoming that presumption. *Cathcart v. Meyer*, 2004 WY 49, ¶ 7, 88 P.3d 1050, 1056 (Wyo.2004) (*quoting Reiter v. State*, 2001 WY 116, ¶ 7, 36 P.3d 586, 589 (Wyo.2001)). The unconstitutionality of a statute must be clearly shown beyond a reasonable doubt. *Meyer v. Kendig*, 641 P.2d 1235, 1238 (Wyo.1982) (*quoting Nickelson v. People*, 607 P.2d 904, 910 (Wyo.1980)).

the absence of applicable insurance coverage, if the claim was properly filed, the statute shall be tolled forty-five (45) days after a decision by the entity, if the decision was not made and mailed to the claimant within the statutory time limitation otherwise provided herein.
Wyo. Stat. Ann. § 1–39–114.

## DISCUSSION

[¶ 10] Preliminarily, we must discuss the factual and legal setting in which this summary judgment was granted. As mentioned earlier herein, the single basis for the City's motion was the appellants' admitted failure to file their complaint within the one-year limitation period set by Wyo. Stat. Ann. § 1–39–114. Paragraph 34 of the amended complaint contained this sentence: "This action was filed within the two year period specified in § 1–39–105 but more than one year after a Notice of Claim was filed."[3] In addition to this admission, paragraph 15 of the amended complaint referred to an attached notice of claim dated July 13, 2001. The complaint was filed on February 28, 2003. The amended complaint was filed on March 11, 2003. These are the undisputed facts upon which the City based its motion for summary judgment.

[¶ 11] The appellants responded to the City's motion by seeking relief under W.R.C.P. 56(f), which provides:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The appellants submitted the affidavit of their attorney in support of their request for additional time in which to respond to the City's motion. The contentions in that affidavit may be summarized as follows: the appellants had not yet been informed whether the attorney general intended to participate in the action in defense of the constitutionality of the WGCA; the City's motion

3. Presumably, the reference to Wyo. Stat. Ann. § 1–39–105 was intended to be Wyo. Stat. Ann. § 1–39–113(a), which provides, in pertinent part: No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission. . . .

would only address the conduct of the appellants—the issue of timely filing of the action—and not the conduct of the City in denying the claim; the appellants' attorney was ill; the appellants' attorney was busy; discovery was necessary given the numerous causes of action stated in the amended complaint; the recent firing of the city manager may have been related to this case; and city officials may have been biased against the appellants' attorney.

[¶ 12] The City's reply to the appellants' motion for relief presented two arguments. First, the City pointed out that the appellants' motion was untimely under W.R.C.P. 6(c) and 56. *See Harris v. Grizzle*, 625 P.2d 747, 750 (Wyo.1981). Second, the City contended that the motion and its supporting affidavit utterly failed to show that a continuance would enable the appellants to contest the undisputed facts surrounding the only relevant issue, that being the statute of limitations. *See Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1553–55 (10th Cir.1993) and *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264–65 (10th Cir.1984).

[¶ 13] The district court heard the appellants' motion for W.R.C.P. 56(f) relief on May 22, 2003, and issued its order denying that relief on June 4, 2003 (filed June 18, 2003). The denial was based on four particular findings:

1. The appellants had failed to explain why they as parties could not present affidavits with the facts necessary to oppose the summary judgment motion.

2. The appellants had failed to show how an extension of time for discovery would enable them to meet their burden in opposing the summary judgment motion.

3. The appellants had failed to show how additional time for discovery would enable them to rebut the statement of undisputed facts set forth in the summary judgment motion.

4. The appellants had failed to show that the information they sought in discovery was relevant to the statute of limitations issue that served as the basis for the summary judgment motion.

[¶ 14] Finally, on July 9, 2003, the district court heard the City's summary judgment motion. The pertinent findings and conclusions contained in the order granting that motion can be summarized as follows:

1. The incident occurred on or about March 2, 2001.

2. The appellants presented a notice of claim to the City on July 13, 2001.

3. The City denied the claim on September 28, 2001.

4. Under Wyo. Stat. Ann. § 1–39–114, the appellants had one year from July 13, 2001 in which to file suit.

5. The appellants filed suit on February 28, 2003, which date was beyond the one-year limitation period.

6. There are no genuine issues of material fact and the appellants' claim was time-barred when it was filed.

7. The WGCA is not unconstitutional.

[¶ 15] After the district court announced its findings and conclusions, it granted the appellants' request to direct the entry of a final judgment on the issues presented to allow for immediate appeal under W.R.C.P. 54(b). In further discussion, the district court clarified, and the parties agreed, that such would include the question of the constitutionality of the WGCA, and in particular, the issue of the Act's constitutionality in the face of Wyo. Const. art. 1, § 33.[4]

[¶ 16] It is within this context that the appellants want to pursue the following issues:

1. Whether the $500.00 property damage limitation in Wyo. Stat. Ann. § 1–39–118(f) is constitutional?

2. Whether the payment discretion vested in the governmental entity under Wyo. Stat. Ann. § 1–39–118(f) is constitutional?

---

4. "Private property shall not be taken or damaged for public or private use without just compensation." Wyo. Const. art. 1, § 33.

3. Whether application of the WGCA to inverse condemnation actions violates Wyo. Const. art. 1, § 33?[5]

4. Whether the district court erred in its interpretation and application of the limitation periods contained in Wyo. Stat. Ann. §§ 1–39–113 and 1–39–114.

[¶ 17] Passing references in the appellants' brief suggest that they might also like to question whether either the July 13, 2001, notice of claim or the February 28, 2003, notice of claim was a valid notice of claim under the WGCA. However, their pleadings below identified the July 13, 2001, documents as a "notice of claim," those documents were the basis of the arguments and decision below, the appellants did not raise this issue below, and we will not consider it on appeal. *See Byrd v. Mahaffey,* 2003 WY 137, ¶¶ 9–10, 78 P.3d 671, 674 (Wyo.2003).

■ [¶ 18] We propose to resolve the interrelated issues of this case by first addressing the question of whether application of the period of limitations found in Wyo. Stat. Ann. § 1–39–114 to inverse condemnation actions is constitutional. In *North Laramie Land Co. v. Hoffman,* 30 Wyo. 238, 219 P. 561, 572–73 (1923), *aff'd,* 268 U.S. 276, 45 S.Ct. 491, 69 L.Ed. 953 (1925), we held that Wyo. Const. art. 1, § 33 was not violated by establishment of a statutory claims procedure. We later cited that holding with approval and specifically held that the then-existing governmental claim statute applied to inverse condemnation actions under Wyo. Const. art. 1, § 33. *Wyoming State Highway Dept. v. Napolitano,* 578 P.2d 1342, 1349 (Wyo.1978). We repeated that holding and applied it to the WGCA in *Waid v. State ex rel. Dept. of Transp.,* 996 P.2d 18, 24–25 (Wyo.2000).

[¶ 19] The appellants contend that *Waid* should not be controlling because the issue was not specifically litigated in that case. Instead, the appellants point this Court to *State Highway Commission v. Peters,* 416

P.2d 390, 395 (Wyo.1966), where we said that "the legislature cannot infringe upon or take from property owners the right to be compensated, according to the requirement of art. 1, § 33." The appellants also rely upon *Colman v. Utah State Land Bd.,* 795 P.2d 622, 630–634 (Utah 1990), wherein the Utah Supreme Court declared its similar constitutional provision to be "self-executing," and therefore in need of no legislation to activate it.

[¶ 20] The City counters these arguments by reliance upon *Hoffman, Napolitano,* and *Waid,* and by noting other state courts that have upheld the application of statutory limitation periods to constitutional inverse condemnation claims. *See Wadsworth v. Department of Transp.,* 128 Idaho 439, 915 P.2d 1, 3–4 (1996); *Beer v. Minnesota Power & Light Co.,* 400 N.W.2d 732, 735–36 (Minn. 1987); and *Hart v. City of Detroit,* 416 Mich. 488, 331 N.W.2d 438, 441 (1982).

[¶ 21] Keeping in mind the strong presumption that statutes are constitutional, and that unconstitutionality must be shown beyond a reasonable doubt, we are not convinced that the application of a statutory period of limitations to inverse condemnation claims is unconstitutional. Even if we accept the rationale of *Colman* that Wyo. Const. art 1, § 33 is self-executing and therefore in need of no "activating" legislation, it does not necessarily follow that the legislature may not impose reasonable procedural requirements for the presentation of such a claim. We have long recognized that the purposes behind the limitation periods contained in governmental claims statutes are to protect public entities from having to defend against stale claims and to facilitate budget planning. *Rissler & McMurry Co. v. Wyoming Highway Dept.,* 582 P.2d 583, 587 (Wyo.1978); *Awe v. University of Wyoming,* 534 P.2d 97, 103–04 (Wyo.1975), *overruled on other grounds by Dye by Dye v. Fremont County School Dist. No. 24,* 820 P.2d 982, 986 (Wyo.

---

5. Inverse condemnation occurs " '[w]hen a person possessing the power of condemnation takes possession of or damages land in which he has no interest, or substantially diminishes the use or value of land, due to activities on adjoining land without the authorization of the owner of the land or before filing an action of condemna-

tion....' " *Waid v. State ex rel. Dept. of Transp.,* 996 P.2d 18, 22 (Wyo.2000) (*quoting* Wyo. Stat. Ann. § 1–26–516) (emphasis deleted). *See also Conner v. Board of County Com'rs, Natrona County,* 2002 WY 148, ¶ 30 n. 10, 54 P.3d 1274, 1285 n. 10 (Wyo.2002) and *Black's Law Dictionary* 310 (8th ed.2004).

1991); *Hoffman,* 219 P. at 573. The appellants have provided no compelling evidence or argument to suggest that these legitimate governmental interests unduly infringe upon the right to pursue an inverse condemnation claim. *Peters* offers no solace to the appellants because it is quite unlike this case. In *Peters,* this Court did, indeed, say that the legislature cannot infringe upon a property owner's right to be compensated for the taking of or damage to his property. *Peters,* 416 P.2d at 395. But the question in *Peters* was whether the legislature could provide by statute for diminished public highway access via frontage roads. *Id.* In answering that question affirmatively, this Court took no position on the question of whether a statutory period of limitation could apply to an inverse condemnation action.

[¶ 22] The conclusion that inverse condemnation claims are subject to the limitation periods found in the WGCA means that the district court was correct in applying its statute of limitation analysis to all of the state law claims. The next logical question then becomes whether that analysis was appropriate. We cannot help but conclude that it was. The amended complaint reflected on its face that the action was not filed within one year of presentment of the claim. Our law is clear that the district court does not have subject matter jurisdiction to adjudicate governmental claim cases where the action was not timely filed. *See Beaulieu v. Florquist,* 2004 WY 31, ¶¶ 10–15, 86 P.3d 863, 866–69 (Wyo.2004) and the cases cited therein. If not commenced within one year, such actions are "forever barred." *Mountain View/Evergreen Imp. and Service Dist. v. Brooks Water and Sewer Dist.,* 896 P.2d 1355, 1363 (Wyo.1995).

[¶ 23] It follows that, because the appellants' claim was time-barred, there was no justiciable controversy before the district court to allow it to consider the appellants' additional constitutional issues (the $500.00 limitation and the discretionary payment provision). *Weller v. Weller,* 960 P.2d 493, 496 (Wyo.1998) (*quoting Matter of Contempt Order Issued Against Anderson,* 765 P.2d 933, 936 (Wyo.1988)). The same holds true for this Court inasmuch as we have no better

jurisdiction than did the district court. *Platte Development Co. v. State, Environmental Quality Council,* 966 P.2d 972, 974 (Wyo.1998); *Sheridan Retirement Partners v. City of Sheridan,* 950 P.2d 554, 556–57 (Wyo.1997).

## CONCLUSION

[¶ 24] The statutory periods of limitation found in the WGCA applied to the appellants' inverse condemnation cause of action, as well as to their tort claims. The undisputed material facts showed that the appellants' complaint was filed well beyond the one-year period set forth in Wyo. Stat. Ann. § 1–39–114, and was, therefore, time-barred. Having no justiciable case to bring before the district court, the appellants had no standing to contest the constitutionality of various provisions of the WGCA. The order of the district court is affirmed and the matter is remanded to the district court for further proceedings concerning any claim the appellants may have stated under 42 U.S.C. § 1983.