728 P.2d 767

**INTERMOUNTAIN WEST, INC., an Idaho corporation, Plaintiff-Appellant,**

v.

**BOISE CITY, a municipal corporation, Defendant-Respondent.**

No. 16097.

Supreme Court of Idaho.

Dec. 4, 1986.

Jon N. Wyman of Wyman & Wyman, Boise, for plaintiff-appellant.

Robert M. Tyler, Jr. of Elam, Burke and Boyd, Boise, and W.H. Fawcett of Boise City Pros. Atty's. Office, for defendant-respondent.

DONALDSON, Chief Justice.

In October, 1973, Intermountain West (Intermountain) bought the land in question, which at that time was outside of the Boise city limits and under Ada County's jurisdiction and obtained a conditional use permit from the county to construct a 44–unit condominium project. On September 24, 1974, Intermountain obtained a county zoning certificate for a 56–unit apartment complex on the property and commenced construction. Subsequently, construction was stopped in November or December because of bad weather.

On December 17, 1974 Boise City (the City) annexed the land in question. In March, 1975, the City was informed by concerned neighbors that construction on the project had resumed. Upon finding that a city building permit had not been issued, the City posted a stop-work order. This was ignored by Intermountain, and a second stop-work order was issued in May or June of 1975. When the second order was ignored, the City filed a civil complaint against Intermountain on June 19, 1975, seeking an injunction and order to show cause why an injunction should not issue. A status quo temporary injunction was granted by Judge Hagan on July 3, 1975, barring further construction at the site on the grounds that a building permit

had not been obtained as required by a Boise City ordinance. The order was issued July 30, 1975.

A hearing on the question of whether a permanent injunction should issue was held in district court on August 14 and 21, 1975. At the end of that hearing, the court held for Intermountain on two alternative grounds of vested rights theories. Thereafter, on September 3, 1975, the trial court issued an order lifting the stop-work orders and enjoining the City from issuing any further stop-work orders or otherwise interfering with Intermountain's right to build the project without obtaining a city building permit.

On October 20, 1975, the City appealed the decision to the Idaho Supreme Court. *Boise City v. Blaser,* 98 Idaho 789, 572 P.2d 892 (1977), filed December 27, 1977, affirmed the trial court on one vested rights theory and rejected the other. Finally, on April 27, 1978, 120 days after the Supreme Court's decision, Intermountain filed its notice of claim for damages with the City. Boise rejected the claim on June 16, 1978 and this lawsuit was filed December 26, 1979.

Intermountain's original complaint sought damages for cost delay, lost income, and punitive damages for the City's wrongful issuance of stop-work orders and a temporary injunction against Intermountain's continued construction of its apartment complex. On April 27, 1982, the City amended its answer to assert a statute of limitations defense. On April 28, 1982, Intermountain filed an amended complaint adding a second claim for damages based on inverse condemnation.

The district court subsequently granted the City's motions for summary judgment on both claims. Dismissing the tort claim, the district court found that the wrongs occasioned by the City were of a continuing nature, but ceased when the temporary injunction and stop-work orders were lifted by the court order dated September 3, 1975. Since Intermountain filed its notice of claim with the City on April 27, 1978, the district court held the claim was untimely filed pursuant to the 120–day limitation period for tort actions against municipalities, I.C. § 6–906. Dismissing Intermountain's inverse condemnation claim, the district court held there was not a successful taking by the City, and even if there was, the claim was untimely filed pursuant to I.C. § 5–224. Intermountain's appeal attacks the district court's dismissal of both claims. We will address each separately.

### The Tort Claim

Intermountain argues that the district court improperly determined that its cause of action accrued on September 3, 1975, when the court lifted the stop-work orders and restrained the city from any further interference with appellant's construction project. Intermountain contends the City's appeal to the state Supreme Court constituted a continuing wrong and, therefore, the cause of action did not accrue until after the Supreme Court rendered a decision on December 27, 1977. In order to determine whether the tort claim was timely filed, we must initially decide when Intermountain's cause of action accrued and triggered the running of the applicable statute of limitation period.

■ We have reviewed the record and adhere to the district court's conclusion that although the wrongs allegedly occasioned by the City would seem to be of a continuing nature, they ceased when the temporary injunction and stop-work orders were lifted by the court order dated September 3, 1975. It was at this time that the City was judicially restrained from interfering with Intermountain's construction. Also, Intermountain was sufficiently aware of the damages incurred by reason of the stop-work orders and injunction. Therefore, we conclude that "the possibility of reversal by the state supreme court is not a restraint by the city sufficient to be a 'continuing wrong.'" *Gordon v. City of Warren,* 415 F.Supp. 556, 563 (E.D.Mich. 1976), *rev'd on other grounds,* 579 F.2d 386 (6th Cir.1978).

Finding that the cause of action accrued on September 3, 1975, and the claim of notice was filed on April 27, 1978, we now must determine whether the notice of claims required by the tort claims act was timely filed with the City. I.C. § 6–906 provides in part: "All claims against a political subdivision ... shall be presented to and filed with the clerk or secretary of the political subdivision within 120 days from the date the claim arose...."[1] Applying the statute, it is apparent that Intermountain's filing of its notice of claim was not timely and, therefore, the trial court properly dismissed Intermountain's tort claim.

### Inverse Condemnation Claim

Intermountain argues the trial court erred by finding that the City's issuance of stop-work orders and refusing to issue Boise City building permits does not amount to a taking constituting inverse condemnation. Again, we disagree.

 A zoning ordinance which downgrades the economic value of property does not constitute a taking of property without compensation at least where some residual value remains in the property. *County of Ada v. Henry*, 105 Idaho 263, 266, 668 P.2d 994 (1983). The circumstances in this case indicate the property retained residual value despite any damage that may have been caused by respondent's actions and, therefore, no compensable taking occurred.

In any event, it is clear that appellant's claim in inverse condemnation is barred by the statute of limitations. Guidelines expressed by this Court in *Tibbs v. City of Sandpoint*, 100 Idaho 667, 603 P.2d 1001 (1979) tell us that a cause of action in an inverse condemnation case accrues "after the full extent of the plaintiff's loss of use and enjoyment of [the premises] become[s] apparent." *Id.* at 671 (quoting *Aaron v. United States*, 311 F.2d 798, 802, 160 Ct.Cl. 295 (Ct.Cl.1963)). The accrual of this action commenced no later than July 30, 1975, when the court issued an injunction against Intermountain. In-

termountain filed its action on April 28, 1982. According to I.C. § 5–224, Intermountain was required to file its action within four years. Since the cause of action accrued on July 30, 1975, Intermountain's filing date of April 28, 1982, was clearly beyond the four-year statute of limitations.

Based on the foregoing analysis, we affirm the judgment below.

Costs and attorney fees are denied on appeal.

SHEPARD, BISTLINE and HUNTLEY, JJ., and McFADDEN, J., pro tem, concur.

---

1. I.C. § 6–906 was amended in 1985 extending the limitation period to 180 days.