53 P.3d 828

Karla and Michael COVINGTON,
Plaintiffs–Appellants,

v.

JEFFERSON COUNTY (Planning and Zoning Commission), Defendant–Respondent.

No. 27070.

Supreme Court of Idaho,
Boise, May 2002, Term.

Aug. 16, 2002.

Hinman Law Offices, Idaho Falls, for appellants. Margaret B. Hinman argued.

Dunn & Clark, Rigby, for respondent. Robin D. Dunn argued.

TROUT, Chief Justice.

Michael and Karla Covington (the "Covingtons") appeal the district court's dismissal of their complaint and denial of attorney's fees and costs relating to claims against Jefferson County for permitting the operation of a hot mix plant and landfill on land across the street from the Covingtons' property.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves the Covingtons' claims against Jefferson County for activities taking place in a gravel pit located across the road from the Covingtons' home. The Covingtons moved to their home in Bonneville County in 1992. The subject gravel pit is located directly across the road from their home, but is north of the county line and is in Jefferson County. The land on which the gravel pit is located is zoned agriculture/residential, but the use is grandfathered in, as it had been in existence for approximately thirty years. Sometime in the mid-1990's, the private company, which owned a portion of the gravel pit, needed an asphalt hot mix plant on a temporary basis. The company approached the Jefferson County Planning and Zoning Department and obtained a temporary permit to construct and operate a hot mix operation. Jefferson County sent out notices to adjacent landowners in Jefferson County regarding the temporary hot mix operation, but failed to notify any residents of Bonneville County, including the Covingtons. At about that same time, Jefferson County began using a portion of the gravel pit as a landfill. The Covingtons never received actual notice of that change either.

The Covingtons' initially challenged the conditional use permit issued by Jefferson County for the hot mix plant in the gravel pit by bringing an action for a Writ of Mandate on August 17, 1998, alleging Jefferson County had issued a special use permit without proper notice. The district judge in Jefferson County denied the Writ, finding the issue was moot as the hot mix plant had ceased operations.

Subsequently, on October 13, 1998, the Covingtons filed an appeal over the hot mix plant permit in Bonneville County and included a claim for declaratory judgment, claiming that Jefferson County was required to give notice "to property owners and residents within three hundred (300) feet of the external boundaries of the land." Jefferson County then moved for a change of venue from Bonneville County, which was granted.

On September 7, 1999, after the case was transferred to Jefferson County, the district judge dismissed the appeal of the hot mix plant, but granted a declaratory judgment as to the notice requirements for the landfill and granted the Covingtons leave to amend their complaint. The Covingtons moved for attorney's fees and costs, but that was denied by the district judge. In response to the September 7th order, the Covingtons filed a second amended complaint on September 24, 1999, omitting the appeal and declaratory judgment and setting forth, instead, their claim for inverse condemnation based on Jefferson County's actions regarding the landfill. The Covingtons alleged they were plagued by problems generated by the landfill consisting of flies, dust and disturbing odors that migrated onto the Covingtons' property. The Covingtons also hired an appraiser who determined the landfill had caused a decrease of $29,000 in the value of the Covingtons' property.

The Covingtons then moved for summary judgment on their inverse condemnation claim, while Jefferson County filed a Motion to Dismiss. The district judge denied the Covingtons' motion for summary judgment and granted Jefferson County's motion to dismiss, dismissing the Covingtons' complaint with prejudice for failure to state a claim upon which relief may be granted.

The Covingtons appeal the Jefferson County decision denying their request for attorney's fees and costs and the dismissal of their complaint.[1]

1. Initially, the Covingtons also challenged the Bonneville County decision allowing a change in venue. At oral argument, however, they con-

ceded that even if the change in venue was in error, it was harmless, as the only issue remaining relates to their inverse condemnation claim,

## II.

## STANDARD OF REVIEW

When this Court reviews an order of the district court dismissing a case pursuant to I.R.C.P. 12(b)(6), the non-moving party is entitled to have all inferences from the record reviewed in its favor. *Kelso & Irwin, P.A. v. State Insur. Fund,* 134 Idaho 130, 133, 997 P.2d 591, 594 (2000); *Miles v. Idaho Power Co.,* 116 Idaho 635, 637, 778 P.2d 757, 759 (1989). After drawing all inferences in the non-moving party's favor, we then ask whether a claim for relief has been stated. *Id.* We ask not whether the non-moving party will ultimately succeed in its claim, but whether it is "entitled to offer evidence to support the claims." *Orthman v. Idaho Power Co.,* 126 Idaho 960, 962, 895 P.2d 561, 563 (1995).

## III.

## DISCUSSION

**1. The district judge did not err in dismissing the Covingtons' complaint.**

The district judge granted Jefferson County's motion to dismiss, finding the Covingtons failed to properly allege a claim for inverse condemnation.

The Idaho Constitution states that private property may be taken by the government for a public use, "but not until a just compensation" has been paid for the property. ID. CONST. Art. I, § 14. An inverse condemnation action is an eminent domain proceeding initiated by the property owner rather than the condemnor. *Reisenauer v. State Dep't of Highways,* 120 Idaho 36, 39, 813 P.2d 375, 378 (Ct.App.1991). An inverse condemnation action cannot be maintained unless an actual taking of private property is established. *Snyder v. State,* 92 Idaho 175, 179, 438 P.2d 920, 924 (1968).

In order to support a claim of inverse condemnation, the action must be: (1) instituted by a property owner who (2) asserts that his property, or some interest therein, has been invaded or appropriated (3) to the

extent of a taking, (4) but without due process of law, and (5) without payment of just compensation. *City of Lewiston v. Lindsey,* 123 Idaho 851, 856, 853 P.2d 596, 601 (Ct. App.1993) (citing *Rueth v. State,* 100 Idaho 203, 217, 596 P.2d 75, 89 (1978).) Here, the Covingtons allege they (1) own property, that has been (2) impaired by the operation of a landfill, (3) by an amount greater than 25% of the total property value, which amounts to a taking, for which they (4) did not receive due process as evidenced by a lack of notice and a hearing, and (5) have received no money as compensation from Jefferson County.

The third element, whether a taking has occurred, is the central issue on appeal. This Court has held that "the determination of whether or not there was a taking is a matter of law to be resolved by the trial court." *Tibbs v. City of Sandpoint,* 100 Idaho 667, 670, 603 P.2d 1001, 1004 (1979) (citing *Rueth v. State,* 100 Idaho 203, 596 P.2d 75 (1978)). In *Rueth v. State,* 100 Idaho 203, 596 P.2d 75 (1979), this Court held that all issues regarding inverse condemnation are to be resolved by the trial court, except the issue of what is just compensation. Once the trial court has made the finding that there is a taking of the property, the extent of the damages and the measure thereof are questions for the jury. *Id.* Because the determination of whether there has been a taking is a question of law, this Court exercises free review over the decision of the trial court. *Reisenaur* at 38, 813 P.2d at 377.

The Covingtons allege the actions by Jefferson County constitute a taking under both the United States and Idaho Constitutions. Thus, we will consider their claim in light of the law under both Constitutions.

Under Idaho Constitutional analysis, the Covingtons have failed to allege a taking. In *Idaho–Western Ry. Co. v. Columbia Conference of Evangelical Lutheran Augustana Synod,* 20 Idaho 568, 584–85, 119 P. 60, 65 (1911), this Court recognized that Article I, section 14 of the Idaho Constitution, unlike the constitution of many other states, omitted the words "damaged" following the word

which was properly heard in Jefferson County.

This Court, will therefore not address this issue.

"taken." This Court then stated that while this omission "does not prevent the Legislature from imposing a condition to that effect by statutory enactment ... [it] has not gone to that extent; in other words, it has not authorized the collection of damages ... where there is no actual physical taking of the property ...." *Id.*

Thereafter, in *Powell v. McKelvey*, 56 Idaho 291, 307, 53 P.2d 626, 632–33 (1935), this Court, citing *Idaho–Western*, stated:

> [*Idaho–Western* ] is ... illuminating and instructive as to the meaning of "taken" in article 1, § 14, of the Constitution, and holds that the use of the word "taken" alone in our Constitution, the words "or damaged" being left out of our Constitution though contained in numerous other State Constitutions, meant that before an owner is entitled to compensation his property must be "taken" and not merely "damaged."

▓ The Covingtons contend a taking has occurred because the operation of the landfill has caused increased traffic in the area, increased noises, offensive odors, dust, flies and litter. However, there has been no loss of access to or denial of any use of the Covingtons' property. *See, e.g., Hughes v. State,* 80 Idaho 286, 295, 328 P.2d 397, 402 (1958) (destroyed right of access constitutes taking). The Covingtons also claim a taking has occurred due to the diminution in value of approximately one-fourth the appraised value of their property, as a result of the zoning ordinance authorizing the operation of the landfill. This does not constitute a taking where residual value remains. "[A] zoning ordinance that downgrades the economic value of private property does not necessarily constitute a taking by the government, especially if some residual value remains after the enactment of the ordinance." *McCuskey v. Canyon County Comm'rs,* 128 Idaho 213, 216, 912 P.2d 100, 103 (1996) (citing *County of Ada v. Henry,* 105 Idaho 263, 266, 668 P.2d 994, 997 (1983)); *Sprenger Grubb & Assoc. v. Hailey,* 127 Idaho 576, 581, 903 P.2d 741, 746 (1995); *Intermountain West, Inc. v. Boise City,* 111 Idaho 878, 880, 728 P.2d 767, 769 (1986).

The circumstances in this case indicate the property retained residual value despite any reduction in value that may have been caused by Jefferson County's actions and, therefore, no compensable taking has occurred.

▓ Finally, there is also no indication that the condition is permanent, as there was nothing presented to demonstrate that the use of the gravel pit as a landfill could never change. *See Marty v. State,* 122 Idaho 766, 769, 838 P.2d 1384, 1387 (1992) ("Whether the landowners are entitled to compensation for inverse condemnation will first depend on whether their property was permanently damaged.") (quoting *Turcotte v. State,* 84 Idaho 451, 455–456, 373 P.2d 569, 571–72 (1962)). "[W]hether the damage is permanent may depend on proof of frequent and inevitably recurring inundation due to governmental action." *Id.* (citing *Pinkham v. Lewiston Orchards Irrigation Dist.,* 862 F.2d 184, 189 n. 5 (9th Cir.1988)).

▓ Under the United States Constitution, the United States Supreme Court has articulated the longstanding distinction between physical and regulatory takings. Recently, the Court has re-emphasized it is inappropriate to treat precedent from one as controlling on the other. *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 535 U.S. 302, 122 S.Ct. 1465, 152 L.Ed.2d 517 (2002). In this case, there has been no actual physical invasion of their land, thus a regulatory taking is at issue.[2] The proper analysis applicable to a regulatory taking has been set forth in *Lucas v. South Carolina Coastal Council,* 505 U.S. 1003, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992), requiring compensation when the regulation in question permanently deprives the owner of "all economically beneficial uses" of his land. 505 U.S. at 1019, 112 S.Ct. at 2895, 120 L.Ed.2d at 815.

▓ In this case, the Covingtons have not alleged they have been permanently deprived of all economic uses of their land. They have

---

**2.** The Covingtons argue a physical invasion of their land has taken place due to increased traffic, dust, flies and noise that drift onto their property from across the street. This activity may constitute a nuisance claim which is not before this Court.

made no argument that the landfill operation is permanent, or how they have been deprived of any economic use. While they contend the ~~property~~ value of their property has decreased by $29,000, the diminution in property value, standing alone, is insufficient to establish a taking. *Penn Central,* 438 U.S. at 130–31, 98 S.Ct. at 2662–63, 57 L.Ed.2d at 652–53; *Keystone Bituminous Coal Ass'n,* 480 U.S. 470, 498–99, 107 S.Ct. 1232, 1248–49, 94 L.Ed.2d 472, 496–97 (1987); *Village of Euclid v. Ambler Realty Co.,* 272 U.S. 365, 384, 397, 47 S.Ct. 114, 117, 121–22, 71 L.Ed. 303, 309, 314–15 (1926).

For the reasons above, we find the Covingtons failed to properly allege a taking in violation of either the Idaho or United States Constitutions, and therefore affirm the district judge's decision granting the County's motion to dismiss.

Having rejected the Covingtons' claim for inverse condemnation, we need not address the additional arguments raised by the parties.

**2. The district judge did not err in denying the Covingtons' request for attorney's fees and costs on their declaratory judgment claim.**

 The Covingtons contend they are entitled to their attorney's fees and costs, arguing they were the prevailing parties in their request for declaratory judgment that Jefferson County violated its own notice provisions set forth in the zoning ordinance. They cite Idaho Code § 12–117 in support of this contention, which requires a determination that the County acted without a reasonable basis in fact or law. In denying the fee request, the district judge stated he had previously addressed the issue when he dismissed the petition for writ of mandate originally filed by the Covingtons, but in fact, he did not make a specific ruling as to fees. There is no indication in the record, however, that Jefferson County asserted any defense in the second proceeding (the declaratory judgment case) to the Covingtons' complaint of lack of notice. On the state of the record, there is no basis for the district court or this Court to find that the County acted without a reasonable basis in fact or law in the declaratory

judgment action. Thus, we uphold the district judge's denial of attorney fees, although on a different basis.

**3. Neither party is entitled to attorney's fees on appeal.**

The Covingtons are not entitled to attorney's fees on appeal because they are not the prevailing party.

Jefferson County requests an award of attorney's fees under I.R.C.P. 54 and Idaho Code § 12–121, claiming it has prevailed at every stage of the foregoing action, the law is well settled, and the Covingtons have failed to properly pursue, both procedurally and substantively, their various claims.

I.R.C.P. 54(e)(1) confines a court's ability to award attorney fees to the prevailing party in civil actions to only those cases where such fees are provided by statute or contract. Under Idaho Code § 12–121, attorney's fees are awarded only those instances where a case "was brought, pursued or defended frivolously, unreasonably or without foundation." I.R.C.P. 54(e)(1).

In support of its claim, Jefferson County cites *McCuskey v. Canyon County,* 128 Idaho 213, 912 P.2d 100 (1996). In *McCuskey,* this Court granted attorneys fees because "[t]his Court [had] clearly established the time when a cause of action accrues in an inverse condemnation claim in *Tibbs* [*v. City of Sandpoint,* 100 Idaho 667, 670, 603 P.2d 1001, 1004 (1979)]." *Id.* at 218, 912 P.2d at 105. The principle was also echoed in *Intermountain West v. Boise City,* 111 Idaho 878, 879, 728 P.2d 767, 768 (1986). This Court found the plaintiff in *McCuskey* provided no "substantial" showing the district court misapplied the law, gave no compelling reason to deviate from the law this Court had previously established, and one of plaintiff's arguments had been previously rejected in *Intermountain West.*

In this case, the Covingtons have not shown the district court misapplied the law relating to their inverse condemnation claim. However, we find the Covingtons have made some valid arguments relating to their claim for inverse condemnation, which demonstrates the appeal is not frivolous or unrea-

sonable. Accordingly, we decline to award Jefferson County attorney's fees.

## IV.

## CONCLUSION

Based upon the foregoing, we conclude the district judge did not err in dismissing the Covingtons' complaint and in denying the Covingtons' request for attorney fees and costs on their declaratory judgment claim. We award costs but not fees to the County on appeal.

Justices SCHROEDER, KIDWELL, EISMANN and Justice Pro Tem WILPER, concur.