67 P.3d 56

**KMST, LLC., an Idaho limited liability company, Plaintiff–Appellant,**

v.

**COUNTY OF ADA, a political subdivision of the State of Idaho, Defendant,**

and

**Ada County Highway District, a body politic corporate of the State of Idaho, Defendant–Respondent.**

No. 28055.

Supreme Court of Idaho,
Boise, February 2003 Term.

April 2, 2003.

Davison, Copple, Copple & Copple, Boise, for appellant. Heather A. Cunningham argued.

Holland & Hart, Boise, for respondent. Steven C. Bowman argued.

EISMANN, Justice.

This is an appeal alleging that the requirements that a developer construct a public street and pay impact fees constituted an unconstitutional taking of the developer's property. The district court entered judgment for the respondent, holding that the requirement to construct a street was not an unconstitutional taking and that the impact fees were properly calculated. We affirm the judgment of the district court on different grounds, holding that there was no taking with regard to the dedication of the street and that the appellant failed to exhaust administrative remedies with respect to its challenge to the amount of the impact fees.

## I. FACTS AND PROCEDURAL HISTORY

The plaintiff-appellant KMST, LLC, is a partnership comprised of Doug Kowallis, John Mackey, Scott Stewart, and Tom Trent. In December 1996, KMST became interested in purchasing a five-acre parcel of real property located on the north side of Overland Road approximately one-fourth mile east of Maple Grove Road. KMST desired to develop the property into a commercial retail center, which would require a zoning change from rural transitional to high-density commercial. In January 1997, KMST met with Ada County officials to discuss its desire to rezone the property and to inquire into the requirements of the county comprehensive plan. On January 30, 1997, KMST entered into an option to purchase the property.

KMST desired to construct a 45,180–square–foot retail shopping center on the property. On May 19, 1997, KMST commenced the process to have the property rezoned and its proposed development approved. It submitted an application to the Ada County Planning and Zoning Commission to begin the process for obtaining a zoning change and county approval of the proposed development. It also submitted a land use application to the Ada County Highway District (ACHD). The ACHD is responsible for all streets and roadways within the county highway system, which includes city

streets within the county. IDAHO CODE § 40–1406 (2002).

Before submitting its land use application to the ACHD, some of the KMST partners met twice with Larry Sale, the supervisor of the ACHD's Development Services Division, in order to determine what would be the ACHD staff recommendations regarding the proposed development. The Development Services Division functions similarly to a city planning and zoning department. It reviews applications for land development that are submitted to it by one of the six cities within Ada County and makes recommendations regarding those applications to the Ada County Board of Commissioners or the ACHD Board of Commissioners. The staff of the Development Services Division is also available to meet with developers before they submit their applications in order to answer questions and inform them of what the staff recommendations will likely be regarding the various aspects of the proposed developments. If a developer disagrees with a staff recommendation, the developer can appeal that recommendation to the ACHD Commissioners.

When the KMST partners met with Mr. Sale, he informed them that he would recommend that KMST be required to construct a street along the east side of its property and dedicate that street to the public. In its application submitted to the ACHD on May 19, 1997, KMST stated that it would construct a public street along the east side of the property and that such street would be the primary access to the property.

On June 18, 1997, the ACHD Commissioners met to consider the KMST application. Prior to that meeting, the ACHD staff had submitted written recommendations that included site-specific requirements regarding the proposed new street and adjoining sidewalk. Chris Korte, who had significant experience in processing development applications and obtaining approvals from government agencies, represented KMST at the hearing. Mr. Korte requested two amendments to the staff recommendations: one to the width of the street KMST would construct and one to the location of the sidewalk to be constructed along that street.

The ACHD Commissioners approved KMST's application with both of those requested amendments. During his presentation, Mr. Korte also stated that KMST could develop the project without building the street, but he did not request that the site-specific requirement regarding the street be deleted.

After public hearings before the Ada County Planning and Zoning Commission and the Ada County Board of Commissioners, the County Commissioners approved KMST's proposed development and requested zoning change on August 13, 1997. The minutes of the public hearing before the County Commissioners reflect that Mr. Korte asked that KMST not be required to construct the street. The minutes state:

C. Korte further stated the Ada County Highway District had decided to extend a street to Overland Road that is not needed for this development. Until the conditions of approval are established, the applicant must receive approval from the Ada County Highway District as a condition of filing the final development plan and obtaining the rezone. The Highway District established as a condition, that the applicant pay to put that road through. C. Korte requested the Board make a condition of approval that the applicant not be required to extend the road, as it is not needed for their development.

The record does not reflect that the County Commissioners responded to that request, but they approved the proposed development without deleting the requirement that KMST construct the public street. The county's approval included, as standard conditions, that prior to the approval of the final development plan, KMST must submit written approval from various agencies including the ACHD.

On August 29, 1997, KMST purchased the real property. Almost one year later on August 28, 1998, the County Commissioners approved the final development plan. On September 29, 1998, KMST conveyed the street to ACHD by warranty deed. It also paid impact fees to ACHD in the sum of $99,127.

On August 12, 1999, after it had completed construction of its shopping center and the public street, KMST filed this action against Ada County and the ACHD alleging five causes of action: (1) a claim under 42 U.S.C. § 1983 for depriving KMST of property and property rights without just compensation while acting under color of state law; (2) a claim that the conditions and exactions imposed by Ada County and the ACHD were arbitrary, capricious and unreasonable and an abuse of governmental power; (3) a claim that Ada County and the ACHD violated KMST's right to procedural due process; (4) a claim that Ada County and the ACHD denied KMST the equal protection of the law; and (5) a claim for inverse condemnation alleging that by requiring construction of the public street and imposing excessive impact fees Ada County and the ACHD took KMST's property without due process of law in violation of the federal and state constitutions. Both defendants filed answers denying the material allegations in the complaint.

On August 11, 2000, KMST moved for partial summary judgment seeking a ruling that pursuant to Idaho Code § 67–6521(2)(b) it was not required to exhaust its administrative remedies before bringing this action. On August 28, 2000, Ada County and the ACHD filed motions for partial summary judgment seeking the dismissal of all of KMST's claims, except the inverse condemnation claim, on the grounds that KMST had failed to exhaust its administrative remedies and that the federal claims were not ripe for review. The motions were argued to the district court, and on October 24, 2000, it issued a memorandum decision and order dismissing all of KMST's claims except its claim for inverse condemnation.

On August 31, 2000, KMST again moved for partial summary judgment seeking a ruling that Ada County and the ACHD had taken its property by requiring that it construct the public street and by requiring it to pay unreasonable and excessive impact fees. Ada County and the ACHD both moved for summary judgment seeking a dismissal of KMST's remaining claim. The motions were argued to the district court, and on December 1, 2000, it issued its memorandum deci-

sion and order. It dismissed the claim against Ada County regarding the construction of the public street on the ground that the ACHD had complete jurisdiction over the public streets and public rights-of-way throughout Ada County and therefore the Ada County Commissioners lacked the authority to alter or amend conditions placed upon developers by the ACHD. The court reasoned that the County Commissioners did nothing more than require that KMST obtain the approval of the ACHD. The district court dismissed the claim against Ada County regarding the impact fees on the ground that Ada County had no role in calculating the fees or in requiring that they be paid.

With respect to the claim against the ACHD that the construction and dedication of the street and the impact fees constituted a taking of property without just compensation, the district court held that there were factual issues that must be resolved at trial. That claim was later tried to the district court. On November 2001, the district court issued its findings of fact, conclusions of law, and judgment in favor of the ACHD. KMST then filed this appeal.

## II. ISSUES ON APPEAL

A. Did the district court err in finding that there had been no unconstitutional taking of KMST's property by the ACHD?

B. Did the district court err in awarding costs to the ACHD?

C. Is either party entitled to an award of attorney fees on appeal?

## III. ANALYSIS

A. **Did the District Court Err in Finding that There Had Been No Unconstitutional Taking of KMST's Property by the ACHD?**

The Takings Clause of the Fifth Amendment of the Constitution of the United States, made applicable to the states through the Fourteenth Amendment, *Dolan v. City of Tigard,* 512 U.S. 374, 114 S.Ct. 2309, 129 L.Ed.2d 304 (1994), provides: "[N]or shall private property be taken for public use, without just compensation." Article 1, § 14,

of the Constitution of the State of Idaho provides: "Private property may be taken for public use, but not until a just compensation, to be ascertained in the manner prescribed by law, shall be paid therefore."

A property owner who believes that his or her property, or some interest therein, has been invaded or appropriated to the extent of a taking, but without due process of law and the payment of just compensation, may bring an action for inverse condemnation. *McQuillen v. City of Ammon,* 113 Idaho 719, 747 P.2d 741 (1987). The property owner cannot maintain an inverse condemnation action unless there has actually been a taking of his or her property. *Covington v. Jefferson County,* 137 Idaho 777, 53 P.3d 828 (2002). The determination of whether. or not there has been a taking is a matter of law to be resolved by the trial court. *Id.* Because that determination is a question of law, this Court exercises free review over the trial court's decision on that issue. *Id.* Although we are free to draw our own conclusions from the facts, we will not disturb the trial court's findings of fact that are supported by substantial and competent evidence. *International Ass'n of Firefighters, Local No. 672 v. City of Boise City,* 136 Idaho 162, 30 P.3d 940 (2001). It is the province of the trial court to determine the credibility of witnesses, the weight to be given their testimony, and the inferences to be drawn from the evidence. *Id.*

**1. Did the ACHD requirement that KMST construct and dedicate the street constitute a taking?** KMST alleges that the requirement imposed by the ACHD that it construct and dedicate the street constituted a taking of its property without just compensation. The district court analyzed that issue under *Dolan v. City of Tigard,* 512 U.S. 374, 114 S.Ct. 2309, 129 L.Ed.2d 304 (1994), and *Nollan v. California Coastal Commission,* 483 U.S. 825, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987). In *Nollan,* the Supreme Court held that there must be a nexus between a legitimate state interest and the condition imposed by the governmental entity when approving the development. That condition must serve the same governmental purpose as the restriction or limitation on development. In *Dolan,* the Supreme Court held that there must be a rough proportionality between the condition imposed and the projected impact of the proposed development. The governmental agency must make an individualized determination that the required dedication of property to public use is related both in nature and extent to the impact of the proposed development. The court concluded that the ACHD had shown there was an essential nexus between its legitimate interests and the construction and dedication of the street; that the ACHD made an individualized determination, prior to the imposition of the condition, that the impacts caused by the KMST development could not be mitigated through impact fees alone; and that the requirement that KMST construct the public street was roughly proportional to the impact of KMST's proposed development. KMST challenges all of those conclusions on appeal. We affirm the judgment dismissing KMST's claim against the ACHD, but for reasons different than those of the district court.

The requirement that KMST construct and dedicate the street, stated by the ACHD as a condition of its approval of the development, did not constitute a taking of KMST's property. The ACHD did not have final authority to impose that condition. In *Williamson Planning Commission v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), the United States Supreme Court held that a developer had no claim that a planning commission's application of the zoning laws and regulations to the developer's property amounted to a taking because the developer had not yet obtained a final decision on that issue from the governmental entity charged with implementing those laws and regulations. In that case, the planning commission had held that the proposed development did not comply with the zoning ordinance and subdivision regulations. Another governmental board had the power to grant variances from the zoning ordinance, and the commission had the power to grant variances from the regulations. Because the developer had not sought variances from either body, the Supreme Court held that

there was no final decision upon which a taking claim could be based.

The ACHD had exclusive general supervision and jurisdiction over all highways and public rights-of-way within its highway system, with full power to construct, maintain, repair, acquire, purchase and improve all highways within its highway system. IDAHO CODE §§ 40–1406 & 40–1310 (2002). The ACHD did not obtain jurisdiction over the street constructed by KMST until September 29, 1998, when KMST deeded it to the ACHD. The ACHD had no final authority to approve or reject KMST's proposed development. That authority was vested in the Ada County Commissioners under the Local Land Use Planning Act, IDAHO CODE §§ 67–6501 et seq. (2001). Although the Ada County Commissioners could certainly require approval of other governmental entities regarding the proposed development, including the ACHD, the Commissioners had the final authority to approve or reject KMST's proposed development and to decide what conditions, if any, to impose when granting approval. In fact, KMST's representative Mr. Korte asked the County Commissioners to delete the condition that it construct the public road, and the Commissioners declined to do so. Because the condition imposed by the ACHD was not a final decision of the governmental entity that had authority to approve the development, it did not constitute a taking of KMST's property. KMST has not appealed the judgment dismissing its claim against Ada County, and therefore we do not address the issue of whether the conduct of the Ada County Commissioners constituted a taking.

■ Even assuming that the ACHD had final authority to approve some aspect of KMST's proposed development, there was no taking under the facts of this case. In the initial land use application that it submitted to the ACHD, KMST stated that it would build the public road. It stated in its application as follows:

The property fronts on Overland Road which is a fully improved 5 lane arterial street. The development of the site will also start the construction of a road from Overland to Hackamore Drive to the north. This will connect the subject site with the Century Landmark Center to the north. Thus, the property will be on the corner of two public roads. (See MAP 2) The primary access to the property will be from the new side street. Only one access point is proposed on Overland Road. (See MAP 3)

In its application, KMST also stated that the new street "will limit curb cuts on Overland Road and provide for a better circulation pattern within and adjacent to the project."

Although Mr. Sale had informed KMST that he would recommend that requirement as a condition of approval, he did not have the authority to impose that condition. He could only recommend it, and staff recommendations could be appealed to the ACHD Commission. The district court found "that as a general matter developers do not include conditions in development applications if they disagree with the conditions." The district court also found, "KMST representatives included the construction and dedication of Bird Street in the application because they were concerned that failing to do so would delay closing on the property and development of the property." KMST's property was not taken. It voluntarily decided to dedicate the road to the public in order to speed the approval of its development. Having done so, it cannot now claim that its property was "taken." [1]

■ **2. Did the imposition of the impact fees constitute a taking?** Pursuant to the Idaho Development Impact Fee Act, IDAHO CODE §§ 67–8201 et seq. (2001), the ACHD imposed an impact fee upon KMST totaling $99,127. KMST argues that the fee constituted an unconstitutional monetary taking because it was excessive in amount. It contends that when calculating the amount of

---

1. We are not holding that there was no taking simply because KMST built the public street before challenging that requirement in court. We are holding that there was no taking because KMST itself proposed that it would construct and dedicate the street as part of its development.

We express no opinion as to whether a developer who contends that a condition of approval amounts to an unconstitutional taking of property must litigate that issue before proceeding with the development.

the fee, the ACHD used outdated fee tables, failed to give KMST any credit for the $99,530 it incurred in designing and constructing the public street, and failed to consider the extent to which the street benefited the ACHD's highway system. According to KMST, the impact fees would total $40,701 if they were calculated using the most recent fee tables from the Institute of Transportation Engineers Trip Generation Manual. KMST argues that the district court erred in failing to apply the standards announced by the United States Supreme Court in *Dolan v. City of Tigard*, 512 U.S. 374, 114 S.Ct. 2309, 129 L.Ed.2d 304 (1994), and *Nollan v. California Coastal Commission*, 483 U.S. 825, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987), when determining the constitutionality of the amount of the impact fees.

The Idaho Development Impact Fee Act provides: "A governmental entity which adopts a development impact fee ordinance shall provide for administrative appeals by the developer or fee payer from any discretionary action or inaction by or on behalf of the governmental entity." IDAHO CODE § 67–8212(1) (2001). Pursuant to the authority granted by the Impact Fee Act, the ACHD adopted the "Ada County Highway District Road Impact Fee Ordinance." The Ordinance includes a fee schedule for calculating the amount of the impact fees, and it provides for offsets to those fees for the present value of any construction of, or dedication of land for, a system improvement. A system improvement would include the construction of a new street, along with the associated curbs, gutters, sidewalks, and traffic signals, but would not include the construction of a street or a right-of-way dedication for direct access to and/or within the proposed project or development. If a developer believes that his or her proposed development is unique in its traffic impacts and that these impacts are substantially less than would be indicated by using the fee schedule, the developer may request an individual assessment of the impact fees by a professional approved by the ACHD. If the developer does not accept the

findings of the individual assessment, the ACHD Commission resolves the issue. The Ordinance contains procedures for an administrative appeal to the ACHD Commission of any discretionary action or inaction by the ACHD staff charged with administering the Ordinance. It also provides that the developer can pay the impact fees under protest without being estopped from exercising the right of appeal or from receiving a refund of any amount deemed to have been illegally collected.

In this case, the ACHD staff calculated the impact fees for KMST's development based upon the fee schedules in the Ordinance. KMST did not request an individual assessment of the amount of its impact fees; it did not appeal the calculation of the fees; and it did not pay the fees assessed under protest. It simply paid the impact fees in the amount initially calculated. Having done so, it cannot now claim that the amount of the impact fees constituted an unconstitutional taking of its property.

As a general rule, a party must exhaust administrative remedies before resorting to the courts to challenge the validity of administrative acts. *Arnzen v. State*, 123 Idaho 899, 854 P.2d 242 (1993). We have recognized exceptions to that rule in two instances: (a) when the interests of justice so require, and (b) when the agency acted outside its authority. *Id.* Neither of those exceptions applies in this case. KMST had the opportunity to challenge the calculation of the impact fees administratively, and it chose not to do so. The Ordinance provided administrative procedures for addressing all three of the claimed errors in calculating the impact fees. In fact, KMST argues in its opening brief, "It is undisputed that had they [KMST] asked for one [an individual assessment], they would have gotten an impact fee reduction."

The district court addressed KMST's claim that the impact fees were incorrectly calculated because it accepted KMST's argument that Idaho Code § 67–6521(b) [2] exempted it from being required to exhaust its adminis-

2. The statute provides as follows:
    67–6521. **Actions by affected persons.—**
    (1)(a) As used herein, an affected person shall

mean one having an interest in real property which may be adversely affected by the issu-

**584**

trative remedies before challenging the calculation in court. By its terms, that statute has no application to the impact fees imposed in this case. It only applies if the basis of the inverse condemnation claim is "that a specific zoning action or permitting action restricting private property development is actually a regulatory action by local government deemed 'necessary to complete the development of the material resources of the state,' or necessary for other public uses."

### B. Did the District Court Err in Awarding Costs to the ACHD?

■ KMST argues the district court erred in awarding costs to the ACHD because it failed to comply with Rule 54(d)(5) of the Idaho Rules of Civil Procedure.[3] In its opening brief, KMST did not specify in what manner the ACHD failed to comply with the rule, however. It merely stated:

ACHD failed to comply with this rule when seeking post-trial costs. The trial court determined that ACHD had substan-

tially complied with the requirements of I.R.C.P. 54(d)(5). The issue for the appellate court is therefore whether strict compliance or substantial compliance with the rule is required in order to recover costs, and whether ACHD met the requirements. Because KMST did not support this assignment of error with argument specifying in what manner the ACHD allegedly failed to comply with Rule 54(d)(5), we will not consider this assignment of error. *State v. Zichko*, 129 Idaho 259, 923 P.2d 966 (1996).

### C. Is Either Party Entitled to an Award of Attorney Fees on Appeal?

■ Both parties seek an award of attorney fees on appeal. Because KMST was not the prevailing party on appeal, it is not entitled to an award of attorney fees.

The ACHD seeks an award of attorney fees under Idaho Code § 12–121. Under that statute, attorney fees will be awarded to the prevailing party on appeal when this Court is left with the abiding belief that the appeal was brought or pursued frivolously,

---

ance or denial of a permit authorizing the development.

(b) Any affected person may at any time prior to final action on a permit required or authorized under this chapter, if no hearing has been held on the application, petition the commission or governing board in writing to hold a hearing pursuant to section 67–6512, Idaho Code; provided, however, that if twenty (20) affected persons petition for a hearing, the hearing shall be held.

(c) After a hearing, the commission or governing board may:

(i) Grant or deny a permit; or

(ii) Delay such a decision for a definite period of time for further study or hearing. Each commission or governing board shall establish by rule and regulation a time period within which a recommendation or decision must be made.

(d) An affected person aggrieved by a decision may within twenty-eight (28) days after all remedies have been exhausted under local ordinances seek judicial review as provided by chapter 52, title 67, Idaho Code.

(2) (a) Authority to exercise the regulatory power of zoning in land use planning shall not simultaneously displace coexisting eminent domain authority granted under section 14, article I, of the constitution of the state of Idaho and chapter 7, title 7, Idaho Code.

(b) An affected person claiming "just compensation" for a perceived "taking," the basis of the claim being that a specific zoning action or permitting action restricting private property development is actually a regu-

latory action by local government deemed "necessary to complete the development of the material resources of the state," or necessary for other public uses, may seek a judicial determination of whether the claim comes within defined provisions of section 14, article I, of the constitution of the state of Idaho relating to eminent domain. Under these circumstances, the affected person is exempt from the provisions of subsection (1) of this section and may seek judicial review through an inverse condemnation action specifying neglect by local government to provide "just compensation" under the provisions of section 14, article I, of the constitution of the state of Idaho and chapter 7, title 7, Idaho Code.

3. That rule provides as follows:

At any time after the verdict of a jury or a decision of the court, any party who claims costs may file and serve on adverse parties a memorandum of costs, itemizing each claimed expense, but such memorandum of costs may not be filed later than fourteen (14) days after entry of judgment. Such memorandum must state that to the best of the party's knowledge and belief the items are correct and that the costs claimed are in compliance with this rule. Failure to file such memorandum of costs within the period prescribed by this rule shall be a waiver of the right of costs. A memorandum of costs prematurely filed shall be considered as timely.

unreasonably or without foundation. *King v. King,* 137 Idaho 438, 50 P.3d 453 (2002). Because there were legal issues involved in the appeal that were matters of first impression in Idaho, we do not find that the appeal was brought or pursued frivolously, unreasonably or without foundation.

## IV. CONCLUSION

We uphold the judgment of the district court dismissing KMST's claim for inverse condemnation. We award costs, but not attorney fees, on appeal to the ACHD.

Justices SCHROEDER, WALTERS, KIDWELL and Justice Pro Tem MELANSON concur.