MEMORANDUM **
The parties are familiar with the underlying facts of this case which need not be restated here. Reviewing the district court’s findings of fact for clear error and its conclusions of law de novo, see Stratosphere Litigation L.L.C. v. Grand Casinos, Inc., 298 F.3d 1137, 1142 (9th Cir.2002), we affirm the district court’s declaration that ITIG is the rightful owner of the 1,100,000 shares of Gundle/SLT Environmental, Inc. Common Stock (“Gundle shares”) under the 1997 Stock Subscription Agreement (“1997 Agreement”). Washington law recognizes an implied duty of good faith and fair dealing in performing contracts so that each party may reap the full benefits of performance. See, e.g., Keystone Land & Dev. Co. v. Xerox Corp., 152 Wash.2d 171, 94 P.3d 945, 949 (2004); Badgett v. Sec. State Bank, 116 Wash.2d 563, 807 P.2d 356, 360 (1991). The district court concluded that Appellants materially breached the 1997 Agreement because Pro Air acted in bad faith when conducting the private placement. Specifically, the district court found bad faith because: (1) Pro Air’s President did not inform the President of Wembley Ltd. that the private placement raised no funds until a month after the placement terminated, despite repeated requests; (2) Pro Air failed to disclose in documents to its auditors that Appellants had pledged the Gundle shares to third parties; (3) Pro Air’s President signed his son’s name without authorization in connection with the pledges; and (4) Pro Air’s President ended the private placement only a few days after he indicated that ongoing efforts were being made to ensure the success of the private placement.
The evidence suffices, when viewed in the light most favorable to the prevailing party, to support the district court’s findings. See Minidoka Irrigation Dist. v. Dep’t of Interior, 406 F.3d 567, 572 (9th Cir.2005). Because we cannot say with a “definite and firm conviction” that the district court committed a mistake or that its view of the evidence is implausible in light of the record, we must affirm. See id. (quotations omitted). Without the benefit of sitting as the trier of fact in the presence of the parties, we defer to the district court’s findings of bad faith.
Because Appellants’ bad faith excuses Appellees from performing under the 1997 Agreement, we look to the previous Common Stock Purchase Agreement (“1996 Agreement”). We need not determine whether the 1996 Agreement was revived because, even if it were, Idaho’s five-year statute of limitation for written contracts bars claims under that agreement. See Idaho Code § 5-216 (2006). Appellants were aware of the alleged breach under the 1996 Agreement no later than April 1997, when the parties entered the 1997 Agreement to substitute the 1996 Agreement. Even with that knowledge, suit was not filed until October 2002, over five years later. In Idaho, statutes of limitation are tolled only through the express language of the statute, not through judicial construction. See McCuskey v. Canyon County Comm’rs, 128 Idaho 213, 912 P.2d 100, 105 (1996). Equitable estoppel, the only non-statutory defense to the statute of limitation bar, does not apply *708 because Appellants were aware of Appellees’ alleged breach of the 1996 Agreement and failed to act on that knowledge within the limitation period. See J.R. Simplot Co. v. Chemetics Int’l, Inc., 126 Idaho 532, 887 P.2d 1039, 1041 (1994) (setting forth the requirement that a “party asserting [equitable] estoppel did not know or could not discover the truth”). Because there is no basis for equitable tolling and the statute of limitation has ran under the 1996 Agreement, whether the 1996 Agreement was revived is moot.
Finally, Appellants are judicially estopped from arguing that Appellees have bankruptcy “claims” that should be equitably subordinated under 11 U.S.C. § 510(b). Appellants successfully argued in both the bankruptcy and district courts that Appellees sought an equitable remedy, not a claim against the estate. See 11 U.S.C. § 101(5). As a result, both courts upheld Appellants’ jury demand after the bankruptcy court determined that Appellees’ complaint did not invoke the claims-allowance process. Appellants now cannot seek advantage by taking the opposite position for purposes of subordination. See Rissetto v. Plumbers and Steamfitters Local 343, 94 F.3d 597, 600 (9th Cir.1996).
We need not reach the Seventh Amendment jury issue because we decide this case on other grounds.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.